**No. 19-cv-03911 (VSB)**
**(Administratively Consolidated)**
**This document applies to all Administratively Consolidated Appeals**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

FAIRFIELD SENTRY LIMITED (IN LIQUIDATION), ACTING BY AND THROUGH THE FOREIGN REPRESENTATIVES THEREOF, KENNETH KRYS AND GREIG MITCHELL, SOLELY IN THEIR CAPACITIES AS FOREIGN REPRESENTATIVES AND LIQUIDATORS THEREOF,

*Plaintiffs-Appellants,*

– v. –

CITIBANK NA LONDON,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK (BERNSTEIN, J.)

IN RE FAIRFIELD SENTRY LIMITED, CASE NO. 10-13164

**CONSOLIDATED BRIEF FOR DEFENDANTS-APPELLEES**

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Thomas J. Moloney
Joseph M. Kay
One Liberty Plaza
New York, New York 10006
Tel. (212) 225-2000
Fax (212) 225-3999
tmoloney@cgsh.com
jkay@cgsh.com

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Carmine D. Boccuzzi, Jr.
E. Pascale Bibi
One Liberty Plaza
New York, New York 10006
Tel. (212) 225-2000
Fax (212) 225-3999
cboccuzzi@cgsh.com
pbibi@cgsh.com

*(Counsel continued on inside cover)*

*Attorneys for Murdoch and Company, Robinson and Company, HSBC Bank USA, N.A., Somers Nominees (Far East) Limited, HSBC Private Bank (Suisse) S.A., HSBC Securities Services (Luxembourg) SA, HSBC Private Bank (C.I.) Limited f/k/a HSBC Private Bank (Guernsey) Limited, HSBC International Trustee Limited, HSBC Institutional Trust Services (Asia) Limited, Republic Nominees Limited, Republic Nominess Limited f/k/a HSBC Private Banking Nominee 1 (Jersey) Limited, Banco Nominees 2 (Guernsey) Limited f/k/a Banco Nominees (I.O.M.) Limited, HSBC Trust Company AG f/k/a HSBC Guyerzeller Trust Company AG, HSBC Bank Bermuda Limited, and HSC Latin America Holdings (UK) Limited (successor-in-interest to HSBC Securities (Panama) S.A.).*

*Attorneys for Citibank (Switzerland) AG; Citibank NA London; Citivic Nominees Limited; Citigroup Global Markets Limited; Cititrust Bahamas Limited*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... iii

STATEMENT OF ISSUES PRESENTED..................................................... 1

PRELIMINARY STATEMENT ...................................................... 3

STATEMENT OF THE CASE.............................................................. 8

    A.    Procedural History.................................................... 11

           i.    Preliminary Issues Proceedings in the BVI ..................... 12

           ii.    Proceedings Before the Bankruptcy Court ...................... 16

           iii.    Related Proceedings Alleging Citco's Bad Faith ............ 19

SUMMARY OF ARGUMENT ........................................................ 21

ARGUMENT ........................................................................... 22

I.    The Bankruptcy Court Properly Found That the Common Law Restitution Claims Fail As a Matter of Law......................................... 22

    A.    The Bankruptcy Court Properly Applied the Holding of *Migani* in Dismissing the Common Law Claims ................................. 22

    B.    The Holding of *Migani* Is Unaffected by *Weavering II*............ 25

           i.    The *Weavering II* Decision .............................................. 26

           ii.    The Liquidators' Reliance on *Weavering II* Is Misguided as to All Claims.................................................. 29

           iii.    Article 11 Does Not Permit the Liquidators to Benefit from Their Own Wrong ................................................. 34

           iv.    There Is No Public Policy in Favor of the Liquidators' Claims ................................................................. 38

II.    The Bankruptcy Court Properly Held That the Liquidators' Contract Claims Are Barred as a Matter of Law.................................................. 41

III.    The Liquidators' Common Law Restitution Claims and Contract Claims Are Independently Barred by the Good Consideration Holdings........................................................................... 44

IV.    The Liquidators Are Also Collaterally Estopped from Pleading that the NAV Is Not Binding on Them.......................................... 48

V.    The Motions to Dismiss Are Not Moot Even If the Court Reverses ... 52

CONCLUSION ................................................................................................   54

# TABLE OF AUTHORITIES

**Page(s)**

## Rules and Statutes

BVI Business Companies Act § 11 .............................................................. 36

BVI Business Companies Act § 31 ........................................................... 35, 36

BVI Insolvency Act § 249 ...................................................................... 40-41

BVI Insolvency Act, 2003 Schedule 2........................................................... 9

## Cases

*AG for Belize v. Belize Telecom Ltd*,
[2009] UKPC 10 ...................................................................................... 41

*Alfadda v. Fenn*,
966 F. Supp. 1317 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 41 (2d Cir. 1998)......... 48

*Alghussein Establishment v. Eton College*,
[1988] 1 WLR 587 ................................................................................. 37

*Anwar v. Fairfield Greenwich Ltd.*,
728 F. Supp. 2d 372 (S.D.N.Y. 2010) ................................................... 20, 51

*Bloch v. Bank of Am. Corp.*,
479 F. App'x 399 (2d Cir. 2012) ........................................................... 34

*DD Growth Premium 2X Fund v. RMF Mkt. Neutral Strategies (Master) Ltd.*,
[2017] UKPC 36 ........................................................................... 18, 23-24

*Fairfield Sentry Ltd. (in Liquidation) v. Migani*,
[2014] UKPC 9 ............................................................................... *passim*

*Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam (In re Fairfield Sentry Ltd)*,
596 B.R. 275 (Bankr. S.D.N.Y. 2018) .............................................. *passim*

*Filho v. Interaudi Bank*,
334 F. App'x 381 (2d Cir. 2009) ...................................................... 43

*Gamatronic (UK) Ltd v. Hamilton*,
[2016] EWHC 2225 .......................................................................... 47

*HIH Casualty & General Insurance Ltd v. Chase Manhattan Bank*,
[2003] UKHL 6 ................................................................................ 38

*In re Arab Bank, PLC Alien Tort Statute Litig.*,
808 F.3d 144 (2d Cir. 2015).......................................................... 15,

*In re Stanford Int'l Bank Ltd.*,
[2019] UKPC 45 ............................................................................... 25

*Kingate Global Fund v. Kingate Mgmt. Ltd.*,
[2015] SC (Bda) 65 Com ................................................................. 37

*Lanfear v. Home Depot, Inc.*,
679 F.3d 1267 (11th Cir. 2012) ...................................................... 43

*Lloyd v. Grace, Smith & Co.*,
[1912] AC 716 .................................................................................. 35

*Marks & Spencer plc v. BNP Paribas Securities Services Trust Company (Jersey) Ltd.*
[2015] UKSC 72 ............................................................................... 42

*Marvel Characters, Inc. v. Simon*,
310 F.3d 280 (2d Cir. 2002)........................................................... 48

*Oakes v. Turquand*,
[1867] HL 325 .................................................................................. 31

*Pearson v. Primeo Fund*,
[2017] UKPC 19 ............................................................ 18, 24-25

*S. New Eng. Tel. Co. v. Global NAPS Inc.*,
390 F. App'x 44 (2d Cir. 2010) ..................................... 21

*Sec. Indus. Ass'n v. Bd. of Governors of Fed. Reserve Sys.*,
900 F.2d 360 (D.C. Cir. 1990) ......................................... 50

*Skandinaviska Enskilda Banken AB (Publ) v. Conway*,
[2016] CICA No. 2 of 2016 ............................................. 18

*Skandinaviska Enskilda Banken AB (Publ) v. Conway (as Joint Official
Liquidators of Weavering Macro Fixed Income Fund Ltd.)*,
[2019] UKPC 36 ...................................................... *passim*

*Smith New Court Securities Ltd Scrimgeour Vickers (Asset Management)
Ltd.*
[1994] 1 WLR 1271 ....................................................... 47

*Thomas & Agnes Carvel Found. v. Carvel*,
736 F. Supp. 2d 730 (S.D.N.Y. 2010) ............................. 46

*Yamaha Corp. of Am. v. United States*,
961 F.2d 245 (D.C. Cir. 1992) ......................................... 50

*Zangara v. Int'l Painters & Allied Trades Indus. Pension Fund*,
428 F. App'x 54 (2d Cir. 2011) ...................................... 35

**Other Authorities**

Corbin on Contracts § 24.26 ........................................... 37

Second Interim Consolidated Report of the Liquidators (Mar. 29, 2010),
http://www.fairfieldsentry.com/wp-content/uploads/2014/08/Second-
Interim-Consoliated-Report-29Mar10.pdf.................... 20, 51

## STATEMENT OF ISSUES PRESENTED

1. Was the Bankruptcy Court correct in dismissing the claims because, based on the Privy Council's decision in *Fairfield Sentry Ltd. (in Liquidation) v. Migani* [2014] UKPC 9 ("*Migani*"), the Liquidators were bound by the Funds' calculation of their Net Asset Values ("NAVs") and were contractually obligated to pay redemption payments based on the NAVs under principles of practicality, finality, fairness, and certainty, which *Migani* held barred a similar attempt by these same Liquidators to reverse these same redemptions on the basis of the Funds' agent's, Bernard L. Madoff Investment Securities ("BLMIS"), fraudulent reporting of the information on which the NAVs were based?

2. Was the Bankruptcy Court also correct in dismissing the claims because the Defendants gave good consideration in surrendering shares and could not be restored to the "status quo," just as the Eastern Caribbean Court of Appeal held when addressing this same issue?

3. Are the Liquidators collaterally estopped from now arguing that Citco's alleged knowledge of wrongdoing in calculating the Funds' NAVs has relevance because they failed to pursue any such argument in any of the proceedings that led to the decision in *Migani*?

This consolidated brief for Defendants-Appellees is submitted on behalf of the 352 defendants-appellees set forth in Appendix A (the "Defendants"), who were shareholders (or their transferees) in three investment funds organized in the British Virgin Islands ("BVI").  The Bankruptcy Court (Bernstein, J.) denied leave to amend or dismissed for failure to state a claim all of the common law claims (with one exception)[1] asserted by the Plaintiff-Appellants (the "Liquidators") seeking recovery of redemption payments those funds allegedly made to Defendants.  Those claims included claims for unjust enrichment, mistaken payment, money had and received, and constructive trust (the "Common Law Restitution Claims") and for breach of contract and of the implied covenant of good faith and fair dealing (the "Contract Claims" and, together with the Common Law Restitution Claims, the "Claims").  For the reasons set forth herein, the Bankruptcy Court's decision should be affirmed.

---

[1]     The Bankruptcy Court did not dismiss the Liquidators' constructive trust claims in cases where the Liquidators had attempted to plead that those defendants had knowledge of Madoff's fraud at the time the redemptions were received.  The Bankruptcy Court reserved decision as to the adequacy of such pleadings, along with the availability of other potentially dispositive defenses, such as the Bankruptcy Code safe harbors, sufficiency of service, and personal jurisdiction, to further briefing including the Liquidators' BVI statutory avoidance claims.  The Bankruptcy Court dismissed with prejudice those cases where the Liquidators only asserted the Claims.

## PRELIMINARY STATEMENT

This Court should affirm the Bankruptcy Court's decision, which correctly held that under *Migani* and its progeny, the Liquidators failed to state a claim because they were contractually obligated to pay Defendants the NAVs as calculated at the time of the redemption payments.  On appeal, the Liquidators rely on a recent Privy Council decision, *Skandinaviska Enskilda Banken AB (Publ) v. Conway (as Joint Official Liquidators of Weavering Macro Fixed Income Fund Ltd.)* [2019] UKPC 36 ("*Weavering II*"), issued after the Bankruptcy Court's decision, which they claim supports reversal.  But *Weavering II* does no such thing.  *Weavering II* provides no basis for ignoring *Migani* and in fact actually cites it with favor.  Accordingly, this Court should reject the Liquidators' attempt to rewrite BVI law and instead should affirm the Bankruptcy Court's carefully reasoned decision dismissing the Liquidators' claims under the controlling BVI decisions.

The Liquidators are the liquidators for Fairfield Sentry Ltd. (In Liquidation), Fairfield Sigma Ltd. (In Liquidation), and Fairfield Lambda Ltd. (In Liquidation) (the "Funds"), which are all BVI funds that had invested substantially all of their investors' assets with BLMIS prior to its collapse.  The Funds entered liquidation proceedings before the BVI High Court of Justice ("the "BVI Court") in March and April 2009.  Proposed Amended Complaint, *Fairfield Sentry Ltd. v. HSBC*

3

*Guyerzeller Zurich.*, Adv. Pro. No. 11-01594 (SMB) (Bankr. S.D.N.Y. Sept. 22, 2016) ("PAC"[2]) (Dkt. No. 11-1 ¶¶ 25–27).  Defendants are investors or transferees of investors that allegedly subscribed for shares in the Funds and received, over many years, redemption payments calculated and certified by the Funds at the NAV based on information provided by BLMIS.  Once BLMIS's fraud was revealed, the Funds went into liquidation in the BVI and filed suit against their redeeming shareholders in the BVI or the United States beginning in 2009.

In the BVI, the Liquidators claimed that the Funds had miscalculated the NAV, and therefore the share redemption prices, in light of BLMIS's fraudulent reporting and therefore their redemption payments based on the NAVs were "mistaken."  They argued that the NAV as calculated at the time of the redemptions was not binding in light of this "mistake" (*even though the Funds' investors subscribed for shares based on a NAV calculated on the same "mistaken" basis*) and that they were entitled to restitution of all redemption payments.  The Liquidators also brought similar actions in the United States, which were held in abeyance while they unsuccessfully pursued this theory of "mistaken"

---

[2]      The proposed amended complaints filed by the Liquidators in these cases are largely identical as to the key issues discussed in this Appeal.  Accordingly, Defendants cite to the above-referenced complaint.

payment for more than five years through the BVI court system's three levels.[3]  In the final round of appeals, the Privy Council of the United Kingdom (the "Privy Council")[4] in *Migani* held that the Funds were contractually obligated to make redemption payments based on the NAV as calculated at the time of the redemptions and, for that reason, that the redeeming shareholders were not unjustly enriched. *Id.* ¶¶ 24–32.  The Privy Council's decision was based on predictability and finality, namely, the importance to the operation of investment vehicles like the Funds of maintaining the same absolute rule for valuing shares for both subscriptions and redemptions.  The Privy Council also preserved a ruling by the intermediate appellate court—the Eastern Caribbean Court of Appeal ("ECCA")— that, whether or not the NAV was binding on the Liquidators, redeeming shareholders had a complete defense to the Liquidators' restitution claims because they had given good consideration for the redemptions by surrendering their shares and could not be restored to the status quo through the return of shares in the Funds because the Funds were now defunct.  *Id.* ¶¶ 6–7.

---

[3]     Defendants in the BVI proceedings and the U.S. proceedings partially overlapped.

[4]     The Privy Council is the highest court of appeal for overseas territories of the United Kingdom.

Following this defeat, the Liquidators moved to amend their complaints before the Bankruptcy Court to assert that, notwithstanding *Migani*, the NAVs were not binding on the Liquidators because not only had BLMIS, the Funds' broker, acted in bad faith, but supposedly, so too had the Funds' administrator, Citco Fund Services (Europe) BV ("Citco").  The Liquidators' new variation on their "mistake" theory—which they could and should have made in the BVI but chose not to—proved unavailing before the Bankruptcy Court.  Applying BVI law, including *Migani*, the Bankruptcy Court held that the NAV was binding regardless of Citco's newly alleged bad faith.  *See Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam (In re Fairfield Sentry Ltd)*, 596 B.R. 275, 295–301 (Bankr. S.D.N.Y. 2018) (Bernstein, J.) ("*Fairfield II*").  The Bankruptcy Court also found that Defendants gave good consideration when they surrendered their shares.  For those reasons, the Bankruptcy Court held that Defendants were entitled to receive the redemption payments at the calculated NAV and were not unjustly enriched.  *Id.* at 300-01.

The Liquidators have now abandoned the "mistake" theory that for a decade underlay their claims in the BVI and the Bankruptcy Court (including their Common Law Restitution Claims).  Instead, they try to resurrect their claims on the new theory that the wrongdoing of their own administrator (Citco) renders the NAVs void.  *See* Br. of Plaintiff-Appellant, *In re Fairfield Sentry Ltd.*, No. 19-cv-

3911 (VSB) (S.D.N.Y. Dec. 10, 2019) ("Pls.' Br.") (Dkt. No. 22 at 2) (Reciting Issues On Appeal Nos. 1-2).  To support their theory, they rely almost exclusively on *Weavering II* (issued after the Bankruptcy Court's decision).  But even if the Liquidators could amend their theory of the case on appeal (and they cannot), their argument still fails on multiple levels.

*First*, *Weavering II* does not support the Liquidators' position as they misread that decision.  In *Weavering II*, the Privy Council held, consistent with *Migani* and the Bankruptcy Court's decision, that the Weavering Macro Fixed Income Fund Ltd ("Weavering Fund") was bound to pay its shareholders' redemption payments at the NAV,[5] even though the NAV had been fraudulently calculated by the "controlling mind" of the Weavering Fund, fraudster Magnus Peterson, who directly controlled the fund (unlike Citco, which here performed a ministerial function).  *Weavering II* did not hold, as the Liquidators contend based on dicta, that fraud committed by those running the fund and calculating the NAV automatically voided the NAV.  *Second*, there is an independent ground to dismiss the Liquidators' Claims here (regardless of *Weavering II*), as recognized by the ECCA and the Bankruptcy Court—*i.e.* that redeeming investors gave "good

---

[5]     That obligation was the very reason the fund was insolvent, for purposes of Cayman Companies Law avoidance actions.

consideration" upon redemption—which bars any claim sounding in restitution (the "Good Consideration Holdings").

*Third*, this Court should also affirm the dismissal of the Contract Claims because each party discharged its contractual obligations under the Articles. The Liquidators' arguments that the Articles contained an implied term permitting the Funds to recover any overpayments are unavailing and would, as the Bankruptcy Court correctly held, render the entire contractual scheme unworkable.

*Finally*, the Court can affirm the Bankruptcy Court's dismissal of the Claims on the alternative ground that the Liquidators are collaterally estopped from arguing that they were not obligated to pay the redemption payments at the NAV, because they already litigated and lost that issue in *Migani*. The Liquidators' theory of Citco's bad faith is merely a new argument that the Liquidators could and should have raised at any point in the BVI litigation.

Defendants respectfully submit that this Court should affirm the decision of the Bankruptcy Court dismissing the Claims.

## STATEMENT OF THE CASE

This Appeal concerns the Liquidators' BVI-based Common Law Restitution Claims and Contract Claims to recover redemption payments, which the Bankruptcy Court dismissed. The Liquidators are BVI court-appointed liquidators

and bring the Claims solely in the name of and on behalf of the Funds.[6]  The

Claims do not arise from the BVI Insolvency Act; their separate claims based on

the BVI Insolvency Act are not before this Court.  In this Appeal, the Liquidators

are simply standing in the shoes of the Funds.

The Funds were organized in the 1990s as a type of BVI investment

company that pooled money from investors by offering shares in accordance with

their respective Articles of Association (the "Articles").[7]  Prospective investors

could subscribe for shares offered by the Funds at the NAV, which the Funds

calculated based on the value of the Funds' investments divided by their

outstanding shares, minus certain expenses.  PAC ¶ 179.  The Articles provided

investors with the right to redeem their shares at a price equal to the Funds' NAV

as calculated at the time of redemption (*i.e.*, in the same manner it calculated the

NAV for subscriptions).  *Id.* ¶ 180.  The Funds' directors were principally

responsible for calculating the NAV, *see id.* ¶ 181 ("With respect to the valuation

---

[6]     *See* BVI Insolvency Act, 2003 Schedule 2 ¶ 4 (Powers of liquidators include
"Power to commence, continue, discontinue or defend any action or other legal
proceedings in the name and on behalf of the company.").

[7]     The Articles are attached to the Decl. of William Hare ("Hare Decl.") (Dkt.
No. 925-6 Ex. F).  Unless otherwise noted, docket citations refer to the
consolidated adversary proceeding docket below, *Fairfield Sentry Ltd. (In
Liquidation). v. Theodoor GGC Amsterdam*, No. 10-ap-03496 (SMB) (Bankr.
S.D.N.Y.).

of different types of assets, the Fund Documents prescribe methods of valuation that [were] subject to the exercise of the judgment and discretion by the Directors."), and for the decisions to invest and pay redemptions, *see id.* ¶ 15 ("Following the revelation of Madoff's fraud in December 2008, the Funds' boards of directors suspended any further redemptions of the Funds' shares and the calculation of each of the Funds' Net Asset Value.").  The directors supervised the Funds' administrator, Citco, to which they delegated the ministerial task of calculating the NAV on the Funds' behalf and then certifying the calculation. *Migani* ¶ 14.  The "sole object of certification [was] to produce finality" at the time of subscription and redemption because the Funds' operations "depend[ed] upon the price [of the NAV] being definitively ascertained" at that time "and known by the parties shortly thereafter."  *Migani* ¶¶ 21, 26, 30.  For that reason, the Funds' Articles did not provide for the discretionary issuance of certificates for each subscription and redemption; the Funds' ordinary course documents for conveying the NAV to shareholders sufficed as certificates and the Funds were bound by that certification.[8]  *Id.* ¶¶ 26, 28–31 (citing Article 11 of the Articles).

---

[8]    The Funds' certificates as to the NAV came in the form of ordinary course emails sent to shareholders by Citco's Fairfield Group Client desk communicating the final NAV per share for the month; and emails from Citco to shareholders communicating the monthly statement for the individual shareholder including the last months' opening and closing NAV.  *Migani* ¶¶ 16(ii), (iv), 26, 28–31.

A.    **Procedural History**

The procedural history for these Appeals spans more than a decade across two legal systems.  The Funds entered into liquidation in the BVI in March and April 2009.  Between October 2009 and March 2010, the Liquidators commenced actions in the BVI Court against a number of the Funds' alleged redeemers (including many of the Defendants here) seeking restitution of redemption payments paid by the Funds prior to BLMIS's collapse (the "BVI Actions").[9]  The Liquidators' claims in the BVI sought restitutionary damages and were premised on the theory that the Funds' "NAV was calculated under a mistake of fact as, unbeknownst to the [Funds], BLMIS was in fact operating a Ponzi scheme," the actual NAV was "nil or a nominal value," and therefore the investors "ha[d] been unjustly enriched at the expense of the [Funds] and . . . are liable to make restitution."[10]

Separately, since 2009, the Liquidators have filed more than 300 actions in New York state and federal courts against alleged redeemers.  On July 22, 2010, the Bankruptcy Court granted the Liquidators' motion to recognize the BVI liquidation proceedings as a "foreign main proceeding" under Chapter 15 of the

_____

[9]      *See* Hare Decl. ¶ 15; *Id.* Ex. A ("Sentry Statement of Claim").

[10]     Sentry Statement of Claim ¶¶ 9–11.

11

Bankruptcy Code,[11] which permitted the hundreds of actions brought in New York to be removed to or filed in the Bankruptcy Court and then consolidated.  The following summarizes relevant background on the BVI Actions, the proceedings before the Bankruptcy Court, and relevant, although separate, proceedings brought against the Funds' management by shareholders.

### i.    Preliminary Issues Proceedings in the BVI

In February 2011, certain defendants in the BVI Actions (the "PI Defendants") applied for a trial on two preliminary issues of law that the PI Defendants argued would independently bar the Liquidators' claims to recover redemption payments based on a mistaken valuation of the NAV (the "Preliminary Issues Proceedings").[12]  The first issue presented was whether Article 11 of the Articles, which set out the procedures for calculating and certifying the NAV,[13] irrevocably bound the Funds to pay redemptions at their published NAV statements (the "Certification Issue").  If answered affirmatively, then, according

---

[11]     Recognition Order, *In re Fairfield Sentry Ltd.*, No. 10-13164 (Bankr. S.D.N.Y. July 22, 2010) (Dkt. 47).

[12]     *See* Decl. of Phillip Kite ("Kite Decl.") (Dkt. 963 ¶ 9); PI Def.'s Prelim. Issues Skeleton (Hare Decl., Ex. G).

[13]     Article 11 provides in relevant part:  "Any certificate as to the Net Asset Value per Share or as to the Subscription Price or Redemption Price therefore given in good faith by or on behalf of the Directors shall be binding on all parties." Sentry's Articles, Art. 11(1), (Hare Decl., Ex. F).

to the PI Defendants, there could be no unjust enrichment for receipt of the

redemptions at the NAV.  The PI Defendants argued that it was unnecessary as a

matter of law to determine whether the certificates were given in good faith by or

on behalf of the Funds' directors because the Liquidators' claims for mistake

would necessarily fail if the Funds issued the certificates in bad faith (*i.e.*, not by

mistake).[14]  In that context, the Liquidators never disputed the proposition that the

Funds' good faith was not relevant to the outcome of the litigation (effectively

conceding that it was not), although they had every opportunity to do so.  The

second issue presented was "whether the surrender of the shares, as bundles of

rights, was good consideration regardless of whatever a proper calculation of the

NAV per share may have been" (the "Good Consideration Issue").[15]  The

Liquidators did not dispute that, if answered affirmatively, the Good Consideration

Issue would bar their restitution claims.  Litigation of claims that the Liquidators

brought in the United States were stayed pending the outcome of the Preliminary

Issues Proceedings.

In September 2011, the BVI Court ruled for the PI Defendants on the Good

Consideration Issue, but not the Certification Issue.  The BVI Court found that

---

[14]     PI Def.'s Prelim. Issues Skeleton (Hare Decl., Ex. G ¶¶ 21–22).

[15]     *Id.* ¶ 30.

certain sample documents published by the Funds did not meet the technical requirements for "certificates" because they were routine communications and a "certificate" would have required the directors' signatures.[16]  The BVI Court nonetheless held that the Liquidators could not recover the redemption payments because, even without a "certificate," the redeeming shareholders had given good consideration by surrendering their shares and, in addition, could not be restored to the status quo through restitution.[17]  Accordingly, the BVI Court granted summary judgment dismissing the entirety of the Liquidators' claims against the PI Defendants.[18]

In granting summary judgment, the BVI Court rejected the Liquidators' request to delay judgment based on facts purportedly not yet known to them, finding that any such facts were irrelevant to its decisions as a matter of law.[19]  The

---

[16]     Prelim. Issues Judgment (Kite Decl., Ex. B ¶¶ 31–33).

[17]     *Id.* ¶¶ 34–36.

[18]     Summary Judgment Order (Kite Decl., Ex. E).

[19]     Summary Judgment Decision (Hare Decl., Ex. P ¶¶ 20–22).  The agreed-upon procedures for conducting the Preliminary Issues Proceedings included a carve-out potentially allowing the Liquidators to pursue repayment from a "particular defendant" based on unknown facts.  This carve-out arose from a concern over the possible existence of one-off agreements about whether certain documents were certificates or whether there were conditions on Citco's authority to issue certificates.  It did not preserve the Liquidators' ability to make new contentions in the future about the issues decided in the case.  Because the BVI Court found there were no certificates issued, the preserved issues, and the carve-out, became irrelevant.  *See* Decision of Bannister, J. (Hare Decl., Ex. N. ¶¶ 16–

Liquidators then appealed the BVI Court's decision to the ECCA.  On June 13, 2012, the ECCA upheld the BVI Court's rulings on the Certification Issue, the Good Consideration Issue, and the grant of summary judgment on the basis of the Good Consideration Issue.[20]  The Liquidators and the PI Defendants each appealed to the Privy Council the portion of the ECCA decision that was adverse to them.

On April 16, 2014, the Privy Council issued its decision in *Migani*, reversing the ECCA on the Certification Issue (*i.e.*, finding for the PI Defendants) and leaving the ECCA's decision intact on the Good Consideration Issue by "dismissing" the Liquidators' appeal, rendering the ruling final as to that issue.[21]  The Privy Council determined, and the Liquidators conceded that, under principles of restitution, if the sample documents transmitting the NAV were "certificates" establishing the NAV per share, then the redemption payments were made pursuant to contractual obligations and restitution was not available.  *Migani* ¶¶ 6,

---

18); Summary Judgment Decision (Hare Decl., Ex. P ¶¶ 20–22).  In any event, the Bankruptcy Court properly found that the proviso, to the extent it applied, should be raised in the BVI Court.  *Fairfield II*, 596 B.R. at 293 n.23.

[20]    EC Court of Appeal Judgment (Kite Decl., Ex. G ¶ 41); EC Court of Appeal (Kite Decl., Ex. H).

[21]    In the BVI system, a dismissal of an appeal leaves the lower court ruling in effect.  *See* Second Decl. of Simon Mortimore QC ("Mortimore II") (Dkt. No. 1456 ¶¶ 12–17).  This is similar to affirmance on other grounds by the U.S. Supreme Court.  *See, e.g.*, *In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 156–57 (2d Cir. 2015) (noting that Second Circuit decision affirmed by Supreme Court on alternative grounds remains binding law of the Circuit).

18.  The Privy Council concluded that the Funds could not function unless the

NAV was "definitively ascertained" at the time of a redemption (or subscription).

*Id.* at ¶ 21.  Otherwise, investors would face "open-ended" liability to make

repayments based on later certificates, an interpretation of the Articles the Privy

Council determined was an "impossible construction."  *Id.* at ¶ 23.  The only

workable construction of the Articles was that any statement of the NAV issued

under the authority of the directors (including those issued by their agent, Citco)

was a certificate and therefore binding.  *Id.* at ¶ 24.  The end result was that the

Liquidators' claims against the PI Defendants were barred independently by *both*

the Privy Council's decision on the Certification Issue *and* the ECCA's decision on

the Good Consideration Issue.  *See* Decl. of Simon Mortimore QC ("Mortimore

Decl.") (Dkt. 962 ¶ 34).

### ii.    *Proceedings Before the Bankruptcy Court*

After the BVI Court's decision on the preliminary issues, the Bankruptcy

Court stayed the actions before it pending the outcome of the BVI appeals, because

the decisions on appeal could have disposed of them.  *See* Am. Order Staying

Redeemer Actions (Oct. 19, 2011) (Dkt. 418).[22]  The actions remained largely

---

[22]    *See* Mem. Endorsement of Letter to Judge Lifland (Jan. 10, 2012) (Dkt. 445 at 5) (recognizing resolution of BVI Actions could "permit resolution of controlling issues relating . . . to the merits of Plaintiffs' claims").

stayed for nearly five years while the Liquidators' appeals worked their way up the BVI court system to the Privy Council.

On October 21, 2016, following the decision in *Migani* and the resulting loss on their BVI claims, the Liquidators filed their Motion for Leave to Amend in the Bankruptcy Court.  Mem. of Law in Supp. of Mot. for Leave to Amend ("Motion for Leave") (Dkt. No. 923).

In the Motion for Leave, the Liquidators sought to file amended complaints claiming that Citco's alleged bad faith in certifying the NAV on behalf of the Funds rendered the "certificates" non-binding, thereby allowing the Funds to recover the redemptions under the Claims.  *Id.* at 15–20.  Defendants opposed that motion and moved to dismiss all existing claims on January 13, 2017. Consolidated Mem. of Law in Opp'n to Pls' Mot. for Leave to Amend and in Supp. of Defs' Mot. to Dismiss, ("Motion to Dismiss") (Dkt. No. 960).

On December 6, 2018, the Bankruptcy Court granted Defendants' Motion to Dismiss as to the Claims and denied the Liquidators' Motion for Leave, except to the extent that the Liquidators had attempted to plead a constructive trust claim for "knowing receipt" against certain Defendants who allegedly knew of BLMIS's fraud when redeeming their shares.  Relying on the common law principles set forth in *Migani* and its progeny, the Bankruptcy Court rejected the Liquidators' argument that Citco's bad faith allowed them to recover the redemption payments.

*Fairfield II*, 596 B.R. at 295.  Although the Bankruptcy Court did not agree with Defendants that the Liquidators were collaterally estopped from bringing their claims based on the BVI proceedings and *Migani*, it nevertheless found that *Migani*'s principles of "finality, certainty and workability" required the dismissal of the Liquidators' "mistake" claims based on the wrongful activities of the Funds' agent. *Id*. at 295–96.  The Bankruptcy Court noted that under *Migani* and other relevant cases, the Liquidators were barred from recovering redemption payments irrespective of whether the NAV calculation was the product of internal fraud or the payments were illegal.[23]

Accordingly, the Bankruptcy Court held that once the Funds discharged their debts by making the redemption payments and Defendants discharged their obligations by surrendering their shares, the transaction was final and the NAV could not be revisited.  *Fairfield II*, 596 B.R. at 297.  The Bankruptcy Court also

---

[23]  *Id*. at 295.  *See Pearson v. Primeo Fund* [2017] UKPC 19, [20] ("*Primeo*") (once the redemption price has been paid based on the certified NAV, "the tree must lie as it falls"); *Skandinaviska Enskilda Banken AB (Publ) v. Conway* [2016] CICA No. 2 of 2016, [29] ("It may be that, as in the present case, the subscription price and the redemption price are largely or entirely artificial, but it is nevertheless important that they are calculated on a consistent basis."); *DD Growth Premium 2X Fund v. RMF Mkt. Neutral Strategies (Master) Ltd.*, [2017] UKPC 36, [61] ("*DD Growth*") ("It is accepted by the liquidators that if it had not been paid, it could have been proved as a debt in the liquidation of the company. It follows that although the Company acted illegally in making the payment, upon receipt it discharged a valid legal entitlement of the redeeming shareholder.").

found that "the payment of the redemption as computed by the erroneous NAV was an authorized and contractually required act, and Defendants gave good consideration for their redemptions." *Id.* at 299 n. 35.

The Bankruptcy Court also dismissed the Contract Claims, rejecting the Liquidators' arguments that the Articles contained an implied term permitting the Funds to recover any alleged overpayments and that the Defendants were unjustly enriched by retaining the inflated redemption payments. *Id.* at 301-02. The Bankruptcy Court held that each party had discharged its contractual obligations under the Articles and that the term the Liquidators sought to imply was not only unnecessary but would render the entire scheme unworkable, consistent with *Migani*. *Id.* at 302. The parties subsequently negotiated the forms of orders that were entered by the Bankruptcy Court in April and May 2019, which included final judgments with respect to each of the Common Law Restitution Claims and Contract Claims that are the subject of this Appeal. This Appeal followed.

### iii.    *Related Proceedings Alleging Citco's Bad Faith*

The Funds were well aware of Citco's alleged bad faith long before they asserted such allegations in the Bankruptcy Court, because those allegations were previously asserted in a separate class action lawsuit years prior. In 2009, certain of the Funds' shareholders commenced a proposed class action against Citco, and other service providers, in the U.S. District Court for the Southern District of New

York.  *See* Consolidated Am. Compl., *Anwar v. Fairfield Greenwich Ltd.*, No. 09-cv-118 (VM) (S.D.N.Y. Apr. 24, 2009) ("Anwar Compl.") (Dkt. 116).  The *Anwar* plaintiffs alleged that Citco, among other misconduct, had "agreed to act in good faith in the performance of its services as Fund Administrator," including calculating the Funds' NAV, but failed to do so, "breach[ing] its Administration Agreements."[24]  *Id.* ¶¶ 268(d), 270.  In March 2010, the Liquidators reported to the Funds' investors that they were "keeping a watchful eye" on the *Anwar* litigation.[25]

---

[24]     The *Anwar* plaintiffs amended their pleadings in September 2009, continuing to raise similar bad faith allegations.  Second Consolidated Am. Compl. ¶¶ 336–39, *Anwar v. Fairfield Greenwich Ltd.*, No. 09-cv-118 (VM) (S.D.N.Y. Sept. 29, 2009) (Dkt. 273).  In August 2010, the District Court (per Marrero, J.) denied Citco's and the other defendants' motions to dismiss, holding that the *Anwar* plaintiffs' allegations were sufficient to support, *inter alia*, claims against Citco for securities fraud.  *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 423 (S.D.N.Y. 2010).  The *Anwar* litigation settled in 2016.

[25]     *See* Second Interim Consolidated Report of the Liquidators (Mar. 29, 2010) § 3.5.2, http://www.fairfieldsentry.com/wp-content/uploads/2014/08/Second-Interim-Consolidated-Report-29Mar10.pdf.  Not only did the Liquidators keep a "watchful eye" on the proceedings, but they also appeared as plaintiffs in the action.  *See* Endorsed Letter Addressed to Judge Victor Marrero from David J. Molton, *Anwar v. Fairfield Greenwich Ltd.*, No. 09-cv-118 (VM), (S.D.N.Y. Sept. 22, 2009) (Dkt. 241).

Nevertheless, the Liquidators did not raise Citco's alleged bad faith as an element of their claims in the present actions until October 2016.

## SUMMARY OF ARGUMENT

This Court should affirm the decision of the Bankruptcy Court dismissing the Claims. *First*, the Common Law Restitution Claims all fail. The Defendants were not unjustly enriched because, as settled by *Migani* and held by the Bankruptcy Court, they were legally entitled to receive the redemption payments at the NAV, and *Weavering II* does not change that result.[26] *Second*, the Contract Claims fail because, under any standard, there is no basis to read into the operative agreements the terms the Liquidators insist should be implied. *Third*, the Liquidators' Claims are all barred because Defendants provided good consideration for the redemptions, as determined by the ECCA. *Fourth*, the Liquidators' arguments about Citco's purported bad faith could have been raised in the BVI proceedings and are barred by collateral estoppel based on the finding in *Migani* that the Liquidators were obligated to pay the redemptions at the NAV.

---

[26] The Liquidators appeal the dismissal of their constructive trust claims against the Defendants. The Bankruptcy Court dismissed those claims where the Liquidators failed to allege a Defendant's knowledge of wrongful receipts. *Fairfield II*, 596 B.R. at 297. *See* Appendix B. The Liquidators do not make any argument that this holding was in error in their opening brief and therefore have waived their right to do so. *See S. New Eng. Tel. Co. v. Global NAPS Inc.*, 390 F. App'x 44, 45 (2d Cir. 2010) (noting arguments insufficiently raised in an appellant's initial brief are waived).

*Finally*, to the extent that the Court does not affirm the decision in full, the Liquidators are wrong to assert that a reversal of the decision moots the Motion to Dismiss; Defendants have alternative grounds for dismissal expressly reserved and currently being litigated in the Bankruptcy Court, including lack of personal jurisdiction, improper service of process, and other dispositive grounds.

## ARGUMENT

### I.   The Bankruptcy Court Properly Found That the Common Law Restitution Claims Fail As a Matter of Law

In dismissing the Liquidators' Common Law Restitution Claims, the Bankruptcy Court correctly relied on controlling precedent, most notably *Migani*, that precludes a fund from recovering a redemption payment based on a certified NAV.  The Bankruptcy Court's decision was rooted in considerations of practicality and finality that remain present here and are unaffected by *Weavering II*.  The Liquidators' reliance on *Weavering II* is misguided and unsupported by the Privy Council's core holding in that decision—the fund was still bound to pay its shareholders' redemptions at the NAV even though it was fraudulently calculated. Finally, any purported public policy argument the Liquidators advance is unsupported by *Weavering II* and irrelevant to the instant appeal.

### A.   The Bankruptcy Court Properly Applied the Holding of *Migani* in Dismissing the Common Law Claims

In *Migani*, the Privy Council rejected the Liquidators' argument that they were only obliged to pay the NAV as "correctly determined using the . . .

information which subsequently became available relating to Madoff's fraud," rather than the NAV as certified at the time of the redemption. *Migani* ¶ 23. The Privy Council held that the Liquidators' preferred interpretation was an "impossible construction" of the Articles, because, if it were correct, the NAV would not be definitively ascertained for an indefinite period of time for either subscriptions or redemptions, *id.* ¶¶ 19, 21, 23–24, and the operation of the Funds required that the NAV be ascertained on the date of the subscription or redemption and "known to the parties shortly thereafter." *Id.* ¶ 21.

Relying on the "persuasive authority of *Migani*, its progeny and the common law principles that informed those decisions," the Bankruptcy Court held that once a redemption has been paid based on the certified NAV, a liquidator cannot revisit that payment even in the face of fraud, illegality or breach of trust. *Fairfield II*, 596 B.R. at 295, 297 ("[O]nce the Funds discharged their debts by making the redemption payments and the Defendants discharged their obligations by surrendering their shares, neither side could revisit the NAV based on hindsight."). As the Bankruptcy Court correctly recognized, the principles of "finality, certainty and workability" which animated the decision in *Migani* have been reinforced by the Privy Council on multiple occasions.

*First*, in *DD Growth*, also cited by the Bankruptcy Court, a fraudster knowingly concealed losses to inflate the NAV of the DD Growth Premium Master

Fund and reflected that inflated NAV in the certified NAV for the DD Growth

Premium 2X Fund ("2X Fund"), a feeder fund that ultimately went into

liquidation. *DD Growth* ¶¶ 9, 15–16.  The liquidators for the 2X Fund sued

shareholders that received redemption payments based on the inflated NAV

alleging the payments were unlawful redemptions from capital.  The Privy Council

held that the redemption payments, albeit "illegal," could not be recovered because

they discharged a valid legal debt.[27]  *Id.* ¶ 61.

*Second*, in *Primeo*, relied on by the Bankruptcy Court, the Privy Council

considered whether under Cayman law a redeeming shareholder in a BLMIS

feeder fund would qualify as a creditor where the fund had suspended payment to

the shareholder prior to its liquidation.  In deciding this issue, the Privy Council

acknowledged that the shareholder would be able to enforce the NAV as a debt

against the fund, even though the shares' valuation was based on the fund's belief

in the genuineness of its BLMIS investments.  The Privy Council stated that "[n]o

basis has been suggested on which [the fund] could on this analysis disturb the

---

[27]     The Liquidators claim that reliance on *DD Growth* is misplaced because the
2X Fund liquidators conceded that the NAV was binding,  Pls.' Br. at 47 n.14, but
omit that this concession was based on the Privy Council's decision in the *Migani*
case, which the Liquidators lost.  *DD Growth* ¶ 28 ("It is also part of that common
ground that, although the NAV of US\$118.880 per share had been calculated upon
false information, it was nonetheless a valid NAV for the purpose of crystallising
the amount of the redeeming shareholders' debt: see *Fairfield Sentry Ltd (in
liquidation) v. Migani* [2014] 1 CLC 611.").

valuation by reference to which such redemption proceeds were calculated."
*Primeo* ¶ 21.

 *Migani* and its progeny remain good law.  Indeed, *Migani* was cited favorably in *Weavering II* ¶ 24 and in subsequent Privy Council decisions.  *See, e.g.*, *In re Stanford Int'l Bank Ltd.* [2019] UKPC 45, ¶ 67.  The Liquidators do not (and cannot) argue to the contrary.  Rather, the Liquidators assert—without support—that the Bankruptcy Court misread *Migani* and "erroneously disregarded the Articles' plain language" in favor of an "impossible" holding based in common law principles.  Pls.' Br. at 45, 47.  But the argument the Liquidators now advance would result in the same unworkable consequences flatly rejected by *Migani* and its progeny.  Under the Liquidators' position, Defendants would have had no way of knowing, potentially indefinitely, whether the Funds' NAVs would be binding for subscription or redemption payments.

**B.** **The Holding of *Migani* Is Unaffected by *Weavering II***

 Unable to identify any error committed below, the Liquidators' argument for reversal focuses almost entirely on the Privy Council's recent *Weavering II* decision.  *See generally* Pls.' Br. at 2, 31-43.  That case, however, provides no support for the Liquidators' position and does not affect the principal holding of *Migani* for multiple reasons.  *First*, *Weavering II* held only that a *shareholder* injured by the enforcement of a fraudulent NAV could seek to void the NAV with

respect to claims against that shareholder—not that (as here), *the Funds themselves* could disown their own calculation of their NAV, based on their own agent's bad faith, imputed to them by operation of law.

*Second*, *Weavering II* relied on the fact that the "controlling mind" of the Weavering Fund was responsible for the fraudulent award of redemptions, while here, the Liquidators have disclaimed that the directors, who were the "controlling mind" of the Funds, were at fault for calculating the NAV and instead blamed a supposedly faithless agent.

*Third*, even if the Liquidators could now, for the first time on appeal, change their theory of recovery and claim that the Funds acted fraudulently (and they cannot), it would not help them because they are not pursuing statutory creditors' claims as in *Weavering II*, but rather common law claims on behalf of the Funds that would be doomed if the Funds acted fraudulently rather than mistakenly in calculating the NAV.

### i.      The **Weavering II** *Decision*

The Weavering Fund was "managed and controlled" by Magnus Peterson who "controlled the investments and . . . made the material decisions about redemptions" and was the "controlling mind" for the payment of redemptions. *Weavering II* ¶¶ 3, 25.  Peterson perpetrated a significant fraud on the Weavering Fund by entering into swaps he knew to be worthless to give the impression of

sustained growth despite suffering large losses in other investments.  *Id.* ¶ 5.  His

actions caused artificial inflation of the Weavering Funds' NAV, followed by the

fund entering into liquidation in 2009 when the fraud was discovered.  *Id.* ¶ 11.

The Weavering Fund sued SEB, a redeeming shareholder, to recover, as an

unlawful preference under Section 145 of the Cayman Companies Law,

redemption payments that SEB received.  *Id.* ¶ 12.

   The elements of an unlawful preference claim under Cayman law include

that the company in liquidation must have been unable to pay its debts (in a cash

flow sense) at the time of the alleged preferential transfer and the person preferred

must have been a creditor.  *Id.*  The Weavering Fund argued that it had satisfied the

elements needed to succeed on its preference claims against SEB because, at the

time SEB redeemed the shares, the fund was unable to pay all the redemption

payments then owed to all then-redeeming shareholders.  Because of the fund's

contractual obligation to honor redemption requests, the Weavering Fund argued

SEB was a creditor immediately before it received payment.  *See id*. ¶ 22 (the

Weavering Fund argued that the NAV was valid and, therefore, SEB was a creditor

upon making its redemption request).  In opposition, SEB argued that the

Weavering Fund was not insolvent but was able to pay its debts and that the money

SEB received was not due to SEB as a creditor, because the fund had no

contractual duty to honor the redemption obligations as they were based on fraudulently inflated NAVs.  *Id.* ¶¶ 16(a), 18.

The Privy Council rejected SEB's argument and held that the Weavering Fund was insolvent and unable to pay its debts when it paid the redemption payments to SEB because the NAVs remained binding on the fund, even though fraudulently inflated.  Therefore, SEB and other shareholders who made redemption requests were creditors.  *Id.* ¶¶ 27, 30; *see also id.* ¶¶ 137–143 (Deeny, L., concurring).

In reaching this conclusion, the Privy Council reaffirmed the core principle of *Migani* that it is "vitally important that valuations are definitively ascertained at the time of the transactions and are not liable to be varied subsequently with retrospective effect."  *Weavering II* ¶ 27.  It recognized one narrow potential exception to this rule which was not addressed in *Migani*—that a shareholder could not be bound by a fraudulent NAV if the fund attempted to rely on a NAV resulting from the fund's own internal fraud to the *detriment* of the shareholder. *Id.* (explaining that finality of NAVs must yield if "[1] the fraud is internal to the company [2] which is seeking to rely on the contract " so that "such a fraudulent determination could not bind redeeming shareholders").  In that scenario, a shareholder "which has suffered loss" from the fraudulent NAV could bring a proceeding in the Cayman Grand Court "against the [fund's] liquidators" to set

aside the NAV.  *Id.* ¶¶ 30, 139, 141.  In *Weavering II*, this exception did not apply

because the shareholder SEB had suffered no injury and had not applied to set

aside the NAV.  *Id.* ¶ 30.  Accordingly, the Privy Council found that the NAVs

were binding, the redemptions were valid, SEB and other redeemers were

creditors, and the Weavering Fund was insolvent at the time of the preferential

transfers.  *Id.* ¶¶ 27, 30–31.

### ii.  *The Liquidators' Reliance on* Weavering II *Is Misguided as to All Claims*

The core holding of *Weavering II* is that the Weavering Fund was insolvent

under the insolvency laws of the Cayman Islands at the time it made disbursements

to shareholders because the NAV was binding and the redemption payments at the

NAV were enforceable obligations.  *Id.* ¶ 31.  None of this is helpful to the

Liquidators' Claims, which rely on incorrect arguments that the NAV of the Funds

is *not* binding.  Instead, the Liquidators try to exploit the narrow exception

recognized in *Weavering II*, but they badly misinterpret the Privy Council's

holding regarding the exception, which is inapplicable here.

*First,* the Privy Council held that the NAV could be voided only by a

shareholder who suffered injury from its enforcement; otherwise it was binding.[28]

---

[28]     *Weavering II* ¶¶ 27, 30 ("The Board agrees with Sir Donnell, that it would be necessary for a party who wished to have the NAV avoided to bring proceedings to do so.  Those proceedings would be brought against the liquidators of the Company. . . .  However, such proceedings would not avail [SEB because it]

Put differently, the NAV was not void, but merely voidable, and then only by an injured shareholder.  The Liquidators are not suing in that capacity, and therefore despite the Funds' allegedly fraudulent calculation of the NAV, redemption obligations pursuant to each NAV remain valid, enforceable obligations.  The Liquidators' argument to the contrary is based on selective quotation from Paragraph 27 of *Weavering II* to incorrectly argue that *Weavering II* stands for the proposition that the NAV "was . . . not 'binding.'"  Pls.' Br. at 34–35 (quoting *Weavering II* ¶ 27 (alterations by the Liquidators)).  But that is definitely *not* what *Weavering II* says.  The Privy Council actually held only that the Weavering Fund's "fraudulent determination *could not bind redeeming shareholders*" because the Weavering Fund breached its contractual duty to act in good faith.  *Weavering II* ¶ 27 (emphasis added).  Outside that limited circumstance, which has no applicability here, the Privy Council reasoned that even in the case of an internal fraud (*i.e.*, a fraud perpetrated by the fund itself), a fraudulently inflated NAV is not void *ab initio*, and redemption debts based on it remain valid and enforceable unless and until the NAV is set aside on the application of an injured shareholder.

has not been defrauded."); *see also id.* (Deeny, L., concurring) ¶¶ 137–143 ("I agree with the Board in [*Migani*] that a situation where a NAV, stated in the articles to be binding, was in fact to be retrospectively fixed or altered would tend to render the operation of the company and its share dealing unworkable.  Even in a situation where there was fraud on the part of the company, that consideration would point against an automatic invalidity . . . .").

Thus, because SEB was not injured by the fraud and did not move to set aside the NAV, the NAV remained binding on SEB and the Weavering Fund. *Id.* ¶¶ 30, 44, 62, 135, 137, 139, 141.

The Privy Council's approach follows the well-established principle of English common law that "[a]n agreement induced by fraud is certainly, in one sense, not a binding agreement, *as it is entirely at the option of the person defrauded whether he will be bound by it or not*." *Oakes v. Turquand* [1867] HL 325 at 349-50 (emphasis added). Nothing in the Privy Council's judgment supports the notion that the Weavering Fund could have applied to set aside the NAV based on its own fraudulent conduct so as to invalidate its obligations to make redemption payments. Likewise, here, the Funds have no legal right to challenge the NAVs for which they were contractually responsible, and which they claim were inaccurate due to the alleged fraud of their agent, Citco, acting within the scope of its actual authority. *See infra* Section I.C. Certainly, *Weavering II* does not stand for that proposition.

*Second*, in articulating the narrow exception to finality in *Weavering II*, the Privy Council relied on the fact that the controlling mind of the Weavering Fund with responsibility for all material investment and redemption decisions had

perpetrated the fraud that inflated the NAV.[29]  By contrast, the Liquidators have

never (and cannot now) claim that the "controlling mind" of the Funds—the

directors—acted in bad faith.[30]  In fact, the Liquidators have consistently claimed

that the directors acted in good faith, PAC ¶¶ 7, 10, 80, 105, 112 (claiming that

Funds "mistakenly believed" NAV value); *id.* ¶ 75 (claiming that Funds were the

"primary victims of Citco's conduct"), and have denied attribution of Citco's bad

faith to the Funds.  Opp. Br. at 46 ("Here, there is no attribution of Citco's

---

[29]     The Privy Council considered "the question whether a NAV would be considered to have been determined in accordance with the articles if the directors themselves had fraudulently inflated the value of the assets" and recognized that "in the present case the fraud was that of Magnus Peterson and cannot be considered external to the company." *Weavering II* ¶ 24.  It accepted the lower court's finding that "the Board [of the Weavering Fund] permitted Magnus Peterson to act as a de facto director, and in effect, delegated their powers to him" and that it was "clear that the Board allowed Magnus Peterson to act on its behalf in performing all the functions necessary for the payment of redemptions." *Id.* "Magnus Peterson . . . controlled the investments and he made the material decisions about redemptions.  He was the controlling mind in the payment of the relevant redemptions." *Id.* ¶ 25.

[30]     The ultimate decisions to make investments and pay redemptions were made by the directors of the Funds.  PAC ¶ 15 ("Following the revelation of Madoff's fraud in December 2008, the Funds' board of directors suspended any further redemptions of the Funds' shares and the calculation of each of the Funds' Net Asset Value.").  The Liquidators make conclusory assertions on appeal that Citco was the "controlling mind." Pls.' Br. at 37 n.12.  The Court should not credit those statements as they are inconsistent with Plaintiffs' actual pleadings, PAC ¶ 15, and the position they took below.  Foreign Representatives' Mem. of Law in Opp. to Def.'s Consolidated Mem. of Law and in Further Support of Foreign Representatives' Mot. for Leave to Amend Complaints (Mar. 21, 2017) ("Opp. Br.") (Dkt. 1336 at 46).

misconduct to the Funds.  Under English law, the bad faith of a dishonest agent is not attributed to a principal in all purposes.").

The Liquidators seek to extend *Weavering II*'s reasoning to the alleged bad faith of Citco, but Citco was merely an administrative agent, with responsibility for day-to-day administrative services including "'calculation of Net Asset Value' and 'communications with shareholders,'" *Migani* ¶¶ 14, 15, and as the Liquidators concede, the directors, not Citco, were responsible for decision-making.  PAC ¶ 15. Far from being the "controlling mind" of the Funds, Citco operated as an agent under the supervision of the directors.  *Migani* ¶ 14 ("[T]he Fund has appointed Citco as the administrator of the Fund under the overall direction of the Directors.").  Citco did not make the decision to invest with BLMIS nor did it make any decisions regarding the payment of redemptions.  Those decisions fell to the Funds' directors.  PAC ¶ 15.  While Citco was involved in redeeming shares, it was bound by the Funds' Articles and had no discretion.  *Migani* ¶ 15 ("[Citco] shall on behalf of the Fund redeem Shares in accordance with the provisions and procedures set out in the applicable Fund Documents.").

Under *Weavering II*, the knowledge of an administrative agent like Citco is *not* relevant to whether the NAV is enforceable.  Citco had essentially the same role as the Weavering Funds' administrator, PNC.  Like Citco, PNC was responsible for, among other things, "calculating the NAV."  *Compare Migani* ¶ 14

("Citco is described as having responsibility for day-to-day administrative services including 'calculation of [the NAV]' and 'communications with shareholders'"), *with Weavering II* ¶ 25 ("The services provided by PNC included arranging for the computation of the NAV, controlling and authorizing all disbursements, maintaining the register of shareholders, preparing and forwarding documents to shareholders and notifying the Adviser, the Custodian and the accounting agent of all share activity.").

*Weavering II* nonetheless noted that PNC's role was "administrative only" and that it had "no part in the decision making process in relation to the payment of redemptions." *Id.* For those reasons, PNC's *good faith* was not relevant to whether the Weavering Fund was in breach of its duty to provide the NAV in good faith. Citco's alleged bad faith is equally irrelevant under *Weavering II*; Citco simply produced NAVs and paid redemptions on behalf of the directors, and the Funds have consistently claimed the directors acted in good faith.

### iii.   *Article 11 Does Not Permit the Liquidators to Benefit from Their Own Wrong*

Having proceeded on the theory of "mistake" since 2009, the Liquidators cannot change their factual allegations to suit new theories on appeal.[31]  But even if

---

[31]     *See Bloch v. Bank of Am. Corp.*, 479 F. App'x 399, 400 (2d Cir. 2012) ("[Appellants'] principal argument, however, is based not on the record below but instead on a number of facts alleged for the first time on appeal.  Generally, we will not consider claims raised for the first time on appeal . . . and we find no

they could properly allege that the Funds acted in bad faith, that would not lead to a different result here.  *First*, the Liquidators are bound by the acts of Citco because Section 31(1) of the BVI Business Companies Act ("BCA") precludes them from arguing that the actions of their agent are not valid or not genuine. Section 31(1) of that Act provides that "a company . . . may not assert against a person dealing with the company . . . that . . . a document issued on behalf of a company by a director, employee or agent of the company with actual or usual authority to issue the document is not valid or not genuine," even if taken in bad faith.  BCA §§ 31(1), (2); *see also* Mortimore Decl. ¶¶ 83–87.  This prohibition applies even if the person acting on behalf of the company acted fraudulently so long as the agent was acting with actual or usual authority.  *Id*.[32]

The Liquidators concede, as they must, that the Funds' directors granted Citco "actual authority" to issue the certificates of the NAV.  *See, e.g.*, Pls.' Br. at 37 (noting that the directors gave Citco "actual authority").  It follows as a matter

---

reason to depart from that principle here." (citation omitted)); *Zangara v. Int'l Painters & Allied Trades Indus. Pension Fund*, 428 F. App'x 54, 55 (2d Cir. 2011) ("'[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.'") (quoting *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008)).

[32]     It is also irrelevant whether Citco was acting in the interest of the Funds. *See Lloyd v. Grace, Smith & Co.* [1912] AC 716 (confirming that a principal is liable for the fraud of his agent acting within the scope of his authority, whether the fraud is committed for the benefit of the principal or the agent).

of law, as the Bankruptcy Court noted, that the Liquidators cannot contest the

validity of the certificates.  *See Fairfield II*, 596 B.R. at 299 n.35 ("Furthermore,

the computation of the NAV, though erroneous in hindsight, was an authorized act,

and the Liquidators cannot dispute the validity and genuineness of the certificate.

*See* [BCA] § 31.").[33]  Although the Liquidators now argue that BCA § 31 does not

apply because the Funds purportedly "contracted around it" by making good faith a

"condition precedent to the NAVs being binding" in the Articles, Pls.' Br. at 54–

55, their argument cannot be countenanced under BVI law.  Section 11 of the BCA

provides that the "articles of a company have no effect to the extent that they

contravene or are inconsistent with this Act."  BCA § 11.  Even if it were plausible

to read Article 11 as permitting the Funds to disclaim the acts of their agents, as the

Liquidators try to, such a reading would be inconsistent with BCA Section 31 and

---

[33]     The commercial sense of this provision is clear:  The BVI legislature determined that clients should be afforded the benefit of being able to rely on documentation issued by the companies with which they contract to provide services.  Consequently, those companies must be obliged to honor the validity of that documentation and bear any losses caused by any of their own chosen agents' misconduct.

nullified by BCA Section 11.  Therefore, the Liquidators' arguments against applying Section 31 of the BCA are unavailing.

Moreover, the Liquidators' reading of Article 11 is implausible, and at least three rules of contractual interpretation counsel against it.  *First*, it is a basic tenet of contract construction that contract provisions be interpreted consistently with the backdrop of statutory and common law defaults unless otherwise disclaimed. *Accord* 5 Corbin on Contracts § 24.26 ("Words and other symbols must always be interpreted in the light of the surrounding circumstances, and the existing statutes and rules of law are always among these circumstances.").  Article 11 does not expressly disclaim Section 31 of the BCA, and it is therefore incorrect to read it that way.

*Second*, as the Bankruptcy Court correctly recognized, *Fairfield II*, 596 B.R. at 299, English law interprets contracts, so far as possible, to prevent a party from taking advantage of its own breach unless clear language instructs otherwise. *Alghussein Establishment v. Eton College* [1988] 1 WLR 587, [595] (requiring clear language permitting party to take advantage of its own breach); *see also Kingate Global Fund v. Kingate Mgmt. Ltd.* [2015] SC (Bda) 65 Com, [157] ("[A] party will not generally be entitled to take advantage of his own breach of contract as against the other party.").  The Liquidators cannot identify any clear language permitting them to take advantage of their own breach of their obligation to

37

calculate their NAV in good faith because there is none.  Indeed, the language they

cite from Article 11 says nothing about the effect of a NAV issued in bad faith.

All that it says is that a certificate issued in good faith is binding on all parties.  At

most, it only confirms what *Weavering II* found was already implied—that a

certificate *not* issued in "good faith" by the Funds would not bind an injured

shareholder and therefore would not bind "all parties."

> *Third*, English law requires that provisions excluding liability for one's own

fraud set out their meaning in  "clear and unmistakable terms" such as to leave the

counterparty in no doubt that fraud is excluded from liability.  *See HIH Casualty &*

*General Insurance Ltd v. Chase Manhattan Bank* [2003] UKHL 6, [16] (Bingham,

L.); *Id.* [68]-[69] (Hoffmann, L.).  Article 11 does not clearly and unmistakably

declare that a shareholder's contractual entitlement to payment at the certified

NAV would be void if the Funds or their agents fraudulently calculated the NAV

that induced their indebtedness and was relied upon at the time of redemption.

### iv.    *There Is No Public Policy in Favor of the Liquidators' Claims*

> The Liquidators' suggestion that *Weavering II* generally permits liquidators

for funds to bring common law restitution claims against shareholders to recover

redemption payments is unfounded.  Pls.' Br. at 40–41.  The Weavering liquidators

were pursuing statutorily created creditors' rights to seek unfair preferences under

the Cayman Islands' insolvency regime, not common law restitution claims.  *See*

*id*.  The Weavering liquidators thus stood in the shoes of the creditors of the Weavering Funds (and not the fund itself) when they brought such claims.  Here, by contrast, the Liquidators' BVI statutory insolvency claims are not subject to this appeal but remain pending before the Bankruptcy Court, and the Liquidators stand in the Funds' shoes for purposes of the Claims at issue on this appeal.

The Liquidators refer to *Weavering II*'s discussion of restitutionary remedies to argue that such remedies must be available for their claims, but they misunderstand the purpose behind this analysis in *Weavering II*.  The *Weavering II* discussion of Cayman common law remedies arises from technical issues unique to the statutory insolvency regimes of the Cayman Islands.  As noted above, this appeal does not involve any statutory claims.  At any rate, the Cayman Companies Law, unlike the BVI Insolvency Act (under which the Funds' liquidation is proceeding), does not set forth the remedy for an avoided preference transfer and has therefore been interpreted to incorporate common law restitutionary remedies for any statutory violations.  *See Weavering II* ¶ 63 ("[S]ince section 145(1) of the Cayman Companies Law is silent as to the consequences of the invalidation, those consequences must therefore be regulated by . . . any other statutory provisions which may be applicable, or in their absence by the common law.").  The Privy Council found that the law's incorporation of a common law remedy did not also result in the incorporation of common law defenses to the avoidance of a transfer

because doing so would be inconsistent with the legislative intent of the Cayman Companies Law to undo preferential transfers.  *See id.* ¶ 106 ("[T]he Board cannot override the intention of the legislature by providing a common law defence."); *id.* ¶ 111 ("[T]o allow a change of position defence to a claim for the recovery of a preferential payment would run counter to the statutory scheme for the division of the insolvent company's property among its creditors, since in the cases where it applied the anti-avoidance provision, under which preferential payments are voidable, would be deprived of practical effect.").  In the same context, the Privy Council rejected defenses based on illegality and public policy, noting that the liquidators were "discharging a legal duty to recover moneys . . . and distribute these according to law among the creditors."  *Id.* ¶ 124.  None of those considerations have any relevance here.

In sum, the claims in this Appeal arise solely under the common law.  The Liquidators have brought additional claims under the BVI Insolvency Act for unfair preference and undervalue transactions, *see* PAC ¶¶ 145–76, and those claims are still before the Bankruptcy Court.  Unlike the Cayman Companies Law, the BVI Insolvency Act (under which the Funds' liquidation is proceeding) provides its own remedy for unfair preference and undervalue transactions, meaning that the Liquidators will never need to resort to the common law for a remedy for avoidance (if those claims are ever found to have merit).  *See* BVI

Insolvency Act § 249 (providing for a court to restore a company to the position it would have been in if the company had not entered into an unfair preference or undervalue transaction).  The discussion in *Weavering II* concerning public policy is therefore irrelevant.

## II.    The Bankruptcy Court Properly Held That the Liquidators' Contract Claims Are Barred as a Matter of Law

The Contract Claims were correctly dismissed by the Bankruptcy Court, which declined to imply a term permitting recovery of redemption payments to the extent they were based on an "inflated" NAV.  *Fairfield II*, 596 B.R. at 302.  It applied the standard set out in *AG for Belize v. Belize Telecom Ltd,* [2009] UKPC 10, which held that a term should be implied only if it "would spell out in express words what the instrument, read against the relevant background, would reasonably be understood to mean."  Here, as the Bankruptcy Court correctly reasoned, it is "neither obvious nor efficient nor consistent with the parties' expectations to imply that subscribers, redeemers or the Funds agreed to open-ended liability based on hindsight for incorrectly stated NAVs."  *Fairfield II*, 596 B.R. at 302.  In addition, the Bankruptcy Court explained that there was "no basis" to imply a term to permit the Liquidators to recover redemption payments when *Migani* found that it was not unjust for Defendants to retain such payments and that doing so would make the entire redemption process unworkable.  *Id*.  On appeal, the Liquidators claim that the Bankruptcy Court should have implied such

a term because the Articles would purportedly be "incoherent" without it.  Pls.' Br. at 59.  However, as the Bankruptcy Court held, it is the Liquidators' proposed implied term that would render the Articles incoherent by creating indeterminate, open-ended liability that *Migani* described as an "impossible construction." *Fairfield II*, 596 B.R. at 302; *see also Migani* ¶ 23.

The Liquidators otherwise incorrectly argue that the Bankruptcy Court applied the wrong legal standard for implying a contractual term, Pls.' Br. at 58–59, now asserting that it should instead have applied the standard set out in *Marks & Spencer plc v. BNP Paribas Securities Services Trust Company (Jersey) Ltd.* [2015] UKSC 72.  The standard offered in that case, the Liquidators suggest, is that the implied provision would be "so obvious so as to go without saying or is required to give the contract 'business efficacy' or where the contract would lack 'commercial or practical coherence' without that term."  Pls.' Br. 59 (quoting Mar. 31, 2017 Declaration of Gabriel Moss QC in Further Support of Mot. for Leave to Amend (Dkt. No. 1338 ¶ 82)).

The Liquidators do not provide any reason to conclude that one standard is materially better for them than the other.  Both *Belize Telecom* and *Marks & Spencer* pose high bars that cannot be met here.  Moreover, to the extent there is any difference in the standards, *Marks & Spencer* creates the additional hurdle that the implied new term be necessary for "business efficacy" and "commercial or

practical coherence." *Id.* The Bankruptcy Court's ruling was proper here because an implied term would create a practically "impossible construction," *Migani* ¶ 23, and is plainly inconsistent with either standard.

Even if there were any meaningful difference between those two standards (and there is not), the Liquidators' own BVI legal expert directed the Bankruptcy Court to the standard in *Belize Telecom* as binding BVI authority on that issue. *See* Oct. 21, 2016 Declaration of Gabriel Moss QC in Support of Mot. for Leave to Amend (Dkt. No. 926 ¶¶ 48, 48 n.6). The Liquidators' expert also cited *Marks & Spencer*, but commented that the standards were similar enough that "[i]t is difficult to see what difference the two approaches would have in practice in the present case." *See id*. The Liquidators thus invited the Bankruptcy Court to find that *Belize Telecom* governed and that it was substantially similar to *Marks & Spencer*. They should be estopped from now seeking reversal on this ground. *See Filho v. Interaudi Bank*, 334 F. App'x 381, 382 (2d Cir. 2009) ("[W]hen a party has 'induced by [its] position below' the 'error [that] is alleged now,' that party 'cannot complain' of the error on appeal." (second and third alteration in original) (citations omitted)); *see also Lanfear v. Home Depot, Inc*., 679 F.3d 1267, 1279 n.15 (11th Cir. 2012) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." (citation omitted)).

Finally, as discussed above, the Liquidators are incorrect that *Weavering II*
undermines the basis for the Bankruptcy Court's holding that the NAV is binding.
*See supra* Section I.  The Privy Council found only that an injured shareholder had
the option of voiding a redemption based on a fraudulently calculated NAV.
*Weavering II* ¶ 27.  The Liquidators' argument that "Article 11(1) would be
meaningless," Pls.' Br. at 59–60, unless the Court infers a term allowing the Funds
to recover overpayments based on their own bad faith is obviously incorrect.
Article 11 provides that neither party can challenge a NAV issued in good faith.  It
is silent on the parties' rights regarding a NAV issued in bad faith, but the only
sensible reading, which is supported by *Migani* and *Weavering II*, is that a
shareholder—not the Funds—can challenge a NAV issued in bad faith when the
shareholder suffers damage.  It simply defies reason to suggest that the *obvious*
contractual modification of Article 11 is the one the Liquidators advocate.  This is
especially true because this proposed interpretation is inconsistent with the BVI
Companies Law and the English common law, which would not permit a
wrongdoer to benefit from its own wrong.  *See supra* Section I.B.iii.

## III. The Liquidators' Common Law Restitution Claims and Contract Claims Are Independently Barred by the Good Consideration Holdings

Both the Liquidators' Common Law Restitution and Contract Claims are
also barred because Defendants gave "good consideration" when they surrendered
their interests in the redeemed shares, received no more than their bargained-for

consideration, and cannot be restored to their previous position.  This defense

exists independent of whether the NAV itself is certified or binding since, as part

of a bargained-for agreement, Defendants surrendered their interests in the Funds'

shares in exchange for the redemption payments.  *See* Mortimore Decl. ¶¶ 39–40,

50–56.  The Liquidators litigated and lost the Good Consideration Issue in the

Preliminary Issues Proceedings, and the Bankruptcy Court reached the same

conclusion in its opinion.  *See Fairfield II*, 596 B.R. at 299 n.35 ("Moreover, the

payment of the redemption as computed by the erroneous NAV was an authorized

and contractually required act, and the Defendants gave good consideration for

their redemptions.").  This provides the Court an additional basis to affirm the

opinion.

The BVI Court held, and the ECCA affirmed, that the Liquidators' claims

for restitution were all barred by the Good Consideration Issue.[34]  The BVI Court

held that "the redemption of shares in this case amounted to a bargain and sale for

which the consideration received by Sentry was the surrender of the rights of the

redeeming shareholder."  *See* Prelim. Issues Judgment (Kite Decl., Ex. B ¶ 34).

Further the BVI Court concluded that "it is not open to Sentry now to seek to

---

[34]    Judge Bannister reached the Good Consideration Issue because he rejected the defendants' certification arguments.  Judge Bannister's decision on certification was ultimately reversed by the Privy Council.  *Migani* ¶ 28.

recover the price which it paid for the purchase of the shares of redeeming

investors simply because it calculated the NAV upon information which has

subsequently proved unreliable." *Id.* ¶ 36.  After rendering the decision, and upon

the motion of one of the defendants, the court entered summary judgment in favor

of the defendants in the BVI on the Good Consideration Issue.

The ECCA affirmed the decision, noting that "Sentry's contractual

obligations gave rise to a debt obligation whatever the value of the shares and the

surrender of the rights to the shares by the [defendants], in my view, having fully

performed their part of the contract, gave good consideration which defeats

Sentry's restitutionary claim."  EC Court of Appeal Judgment ¶ 80 (Kite Decl., Ex.

G).  The Privy Council left the ECCA's decision intact by "dismissing" the

Liquidators' appeal from the Good Consideration Issue after resolving the

Certification Issue against the Liquidators.  This issue was expressly litigated in the

BVI Court, ECCA, and the Privy Council, and the Privy Council's decision to

dismiss the appeal left the ECCA's judgment intact as a final judgment on the

merits.  *See* Mortimore Decl. ¶¶ 22, 24, 39–40, 50–56.  *See also infra* Section IV;

*Thomas & Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 746 (S.D.N.Y.

2010) (U.K. judgments are entitled to recognition, and contrary argument

"border[s] on the risible" (citations omitted)).  This therefore represents a

controlling statement of BVI law (and also a basis for collateral estoppel).

Importantly, the Liquidators are unable to establish a basic prerequisite to restitution under these circumstances: that Defendants be restored to the state prior to the redemption, referred to in the BVI Court's judgment as *restitutio in integrum*.  The BVI Court found that could not occur here.  Prelim. Issues Judgment (Kite Decl., Ex. B ¶ 34) ("I further fail to understand how Sentry can recover the redemption price in circumstances in which *restitutio in integrum* is no longer possible.").  The Bankruptcy Court likewise found that the Liquidators "cannot restore the Defendants to the status quo."  *Fairfield II*, 596 B.R. at 299 n.35.  The Liquidators apparently concede that it is impossible to restore Defendants' shares in the Funds, *see* Pls.' Br. at 56–57, and instead argue that monetary judgment in the amount of "near zero" is sufficient.  *Id.*  This is contrary to the prevailing view that, where *restitutio in integrum* requires the return of shares, an offer of money is not acceptable and the shares themselves must be restored.[35]  In addition, the Liquidators are wrong that the value of the shares was "near zero," including because they were obligated to pay the redemption payments at the certified NAV, *see supra* Section I, and because possession of the

---

[35]     *See Smith New Court Securities Ltd Scrimgeour Vickers (Asset Management) Ltd* [1994] 1 WLR 1271, 1280 (finding that specific shares could not be restored, because they had been sold).  *Gamatronic (UK) Ltd v. Hamilton* [2016] EWHC 2225, [212]–[224] (rescission was not granted, because the claimant was not willing to return the shares to the defendant).

shares would include rescission rights based on the price paid as a result of any fraudulently prepared NAVs.

## IV.    The Liquidators Are Also Collaterally Estopped from Pleading that the NAV Is Not Binding on Them

The Court should also affirm the Bankruptcy Court's decision on the grounds that the Liquidators are estopped from pleading that the NAV is not binding on them, because they litigated and lost that issue in *Migani*.  Federal U.S. law "determine[s] the preclusive effect" of foreign judgments—including those by the Privy Council and the EC Court of Appeal—"entitled to recognition by this Court." *Alfadda v. Fenn*, 966 F. Supp. 1317, 1325, 1329 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 41 (2d Cir. 1998).[36]  Federal law holds that collateral estoppel applies when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the [losing] party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288–89 (2d Cir. 2002) (citation omitted). Here, as discussed above, the Liquidators have already litigated the issue of whether the NAV was binding in the Preliminary Issues Proceeding and lost under

---

[36]    Even if BVI law were to apply, the Liquidators are still precluded by the BVI doctrines of issue estoppel and *Henderson v. Henderson* abuse of process. *See* Mortimore Decl. ¶¶ 41–56.

*Migani*.  The Privy Council's holding that the NAV was binding was necessary to support its judgment that the Liquidators' restitution claims failed.  *See Migani* ¶ 19 ("It follows that the Fund's claim to recover the redemption payments depends on whether it was bound by the redemption terms to make the payments which it did make.").

The Bankruptcy Court should have focused on whether the Liquidators were required to raise Citco's bad faith (as a basis to undo the NAV) in the Preliminary Issues Proceedings and their subsequent appeals, *see* Mortimore Decl. ¶¶ 35–41, rather than focusing on whether that argument had previously been litigated and decided.  *See Fairfield II*, 596 B.R. at 291–93.  The determination of whether the NAV was binding was the issue to be decided that was necessary to the Privy Council's judgment, *Migani* ¶¶ 23–31 (finding that unless the NAV at the time of the redemption was "definitive," the "Articles could not otherwise operate as they are intended"), and so the Liquidators were obligated to advance all of their reasons why ratifying the NAV was unjustified.

Citco's alleged bad faith is at most a new legal theory or factual contention, raised for the first time in October 2016, in support of the Liquidators' argument that the NAV is not binding.  *See* Pls.' Br. at 48 (arguing that "if the NAVs were not certified in good faith, they are not binding.").  New legal theories do not justify a second bite at the apple when, as is the case here, they could have been

49

raised in the prior proceeding.  *See, e.g.*, *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 257–58 (D.C. Cir. 1992) ("If a new legal theory or factual assertion put forward in the second action is related to the subject-matter and relevant to the issues that were litigated and adjudicated previously, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged." (citation omitted)); *Sec. Indus. Ass'n v. Bd. of Governors of Fed. Reserve Sys.*, 900 F.2d 360, 364 (D.C. Cir. 1990) ("Whether petitioner actually argued that position is irrelevant, however, since preclusion because of a prior adjudication results from the resolution of a question *in issue*, not from the litigation of specific *arguments* directed to the issue." (citations omitted)).

In fact, the *only* reason that the Privy Council did not address Citco's bad faith is because the Liquidators chose not to present the issue at any stage in the Preliminary Issues Proceedings, including in their arguments to the Privy Council. But this was either a concession or, at best, a tactical decision, because the Liquidators knew of the allegations supporting their new argument at the time of the prior litigation as is clear from the course of litigations in parallel proceedings. For instance, the Liquidators were aware of the *Anwar* Litigation in this Court in which plaintiffs alleged ***in 2009*** virtually the same behavior the Liquidators now try to include in their amended complaints. *See* Anwar Compl. (alleging Citco

50

breached the Administration Agreements with the Funds by, among other omissions, grossly failing to discharge its responsibility to calculate accurately the Funds' NAVs in good faith).  The Liquidators acknowledged in court filings that they were monitoring the *Anwar* proceeding.  *See* Second Interim Consolidated Report of Plaintiffs § 3.5.2 (Mar. 29, 2010), http://www.fairfieldsentry.com/wp-content/uploads/2014/08/Second-Interim-Consoliated-Report-29Mar10.pdf ("The Liquidators are keeping a watchful eye on the [*Anwar*] proceedings and expect that the court's determination of the dismissal motions will not be rendered until the second half of 2010 or later." ).  Moreover, on August 18, 2010, Judge Marrero held that the allegations asserted in *Anwar* were sufficient to support claims that Citco actually knew BLMIS was running a Ponzi scheme.  *Anwar v. Fairfield Greenwich Ltd*., 728 F. Supp. 2d 372, 423 (S.D.N.Y. 2010) ("[T]he Court finds that the facts alleged by Plaintiffs are sufficient to support a strong inference of scienter.").  Accordingly, the Liquidators plainly had a good faith basis to allege the arguments they belatedly make now if they thought they would be legally meaningful, and their attempt at a do-over (perhaps fueled by regret at past strategic choices) should be rejected.

Further, the Liquidators were aware since the inception of their BVI claims (premised on "mistake") that the Funds' good faith might bear on their ability to prevail on their claims because the PI Defendants in the BVI action raised the issue

of good faith in the Preliminary Issues Proceedings.  There, the PI Defendants explicitly argued that the BVI Court need not consider the question of the good faith of the Funds' agents because it was totally irrelevant (for many of the same reasons raised here).  PI Defs.' Prelim. Issues Skeleton (Hare Decl., Ex. G ¶ 22) (PI Defendants argue in April 2011 that "PI Defendants will win whether or not Fairfield Sentry's Directors acted in good faith"); PI Defs.' Prelim. Issues Trial Skeleton (Kite Decl. Ex. A ¶ 62) (although the Liquidators had "not admitted in their pleadings that the Directors of Sentry acted in good faith," "[t]his in no way detracts from the preclusive effect of a certificate" because if the Funds (or their agents) acted in bad faith, the Liquidators could not "take advantage of [their] own wrong"); Mortimore Decl. ¶ 63.  The Liquidators chose not to respond at all to those arguments, thus waiving the issue.

The Liquidators could have, and should have, made their arguments about the significance of their administrative agent's wrongdoing under BVI law in the Preliminary Issues Proceedings and should now be estopped from relitigating the issue of whether the NAV was binding.

## V.   The Motions to Dismiss Are Not Moot Even If the Court Reverses

In light of the long and winding procedural path this case has taken, certain Defendants have threshold dispositive defenses that are not before this Court but instead are currently being litigated in the Bankruptcy Court.  Those defenses

include dismissal on the basis of lack of personal jurisdiction, failure to effect service, the adequacy of the Liquidators' pleadings, and dismissal pursuant to the safe harbor for securities transactions codified at 11 U.S.C. § 546.  For that reason, to the extent that this Court does reverse the Bankruptcy Court's opinion, the motions to dismiss are not mooted as the Liquidators incorrectly suggest, Pls.' Br. at 60, and the Court should remand the claims to the Bankruptcy Court for further consideration of Defendants' other grounds for dismissal.

## CONCLUSION

For the reasons provided, this Court should affirm the Bankruptcy Court's decision denying leave to amend and dismissing the Claims.

Dated: March 9, 2020  
      New York, New York

Respectfully submitted,

CLEARY GOTTLIEB STEEN &  
HAMILTON LLP

By: */s/ Thomas J. Moloney*  
     Thomas J. Moloney  
     Joseph M. Kay

     One Liberty Plaza  
     New York, New York 10006  
     T: 212-225-2000  
     F: 212-225-3999  
     tmoloney@cgsh.com  
     jkay@cgsh.com

*Attorneys for Murdoch and Company; Robinson and Company; HSBC Bank USA, N.A.; Somers Nominees (Far East) Limited; HSBC Private Bank (Suisse) S.A.; HSBC Securities Services (Luxembourg) SA; HSBC Private Bank (C.I.) Limited f/k/a HSBC Private Bank (Guernsey) Limited; HSBC International Trustee Limited; HSBC Institutional Trust Services (Asia) Limited; Republic Nominees Limited; Republic Nominess Limited f/k/a HSBC Private Banking Nominee 1 (Jersey) Limited; Banco Nominees 2 (Guernsey) Limited f/k/a Banco Nominees (I.O.M.) Limited; HSBC Trust Company AG f/k/a HSBC Guyerzeller Trust Company AG; HSBC Bank Bermuda Limited; HSBC Latin America Holdings (UK) Limited (successor-in-interest to HSBC Securities (Panama) S.A.)*

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

Carmine D. Boccuzzi, Jr.
E. Pascale Bibi
One Liberty Plaza
New York, New York 10006
T. (212) 225-2000
F. (212) 225-3999
cboccuzzi@cgsh.com
pbibi@cgsh.com

*Attorneys for Citibank (Switzerland) AG; Citibank NA
London; Citivic Nominees Limited; Citigroup Global
Markets Limited; Cititrust Bahamas Limited*

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8015(a)(7)(B)(i), because it contains 12,998 words, excluding the parts of the brief exempted by Federal Rule of Bankruptcy Procedure 8015(g).

2.      This brief complies with the typeface requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5) and the type style requirements of Federal Rule of Bankruptcy Procedure 8015(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:  New York, New York
        March 9, 2020

                    By:  */s/ Thomas J. Moloney*
                         Thomas J. Moloney

# Appendix A

Appendix A
Defendants

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 1. | 19-cv-3911 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank NA London, et al. | Citibank NA London |
| 2. | 19-cv-3974 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank NA London | Judith Cherwinka a/ka/ Judith Cherwinka IRA, et al. |
| 3. | 19-cv-4078 | Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dominion Securities | RBC Dominion Securities |
| 4. | 19-cv-4079 | Fairfield Sentry Ltd. (In Liquidation), et al., v. Tercas-Cassa di Risparmio della Provincia di Teramo S.P.A. | Baca Popolare di Bari S.C.p.A in Amministrazione Straordinaria, as successor-in-interest to Tercas-Cassa Di Risparmio Della Provincia di Teramo S.P.A. |
| 5. | 19-cv-4081 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS ABN AMRO Global Custody | ABN AMRO Global Custody N.V. (sued as FS ABN AMRO Global Custody) |
| 6. | 19-cv-4084 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond de Rothschild (Europe), et al. | Banque Privee Edmond de Rothschild (Europe) |
| 7. | 19-cv-4084 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond De Rothschild (Europe), et al. | American Express Bank n/k/a Standard Chartered International (USA) Ltd. |
| 8. | 19-cv-4089 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Meritz Fire & Marine Insurance Company Ltd. | Meritz Fire & Marine Insurance Company Ltd. |
| 9. | 19-cv-4090 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Vontobel Asset Mgmt. Inc., et al. | Vontobel Asset Mgmt. Inc. |
| 10. | 19-cv-4099 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Santander (Suisse) S.A. | Banco Santander International SA (f/k/a Banco Santander (Suisse) S.A.) |
| 11. | 19-cv-4100 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim (Suisse) Ltd. a/k/a Banque Hapoalim (Suisse) S.A., et al. | Hapoalim (Switzerland) Ltd. |
| 12. | 19-cv-4101 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Mizrahi Tefahot Bank Ltd. | Mizrahi Tefahot Bank Ltd. |
| 13. | 19-cv-4102 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Syz & Co. S.A. | Banque SYZ SA f/k/a Banque Syz & Co. SA |
| 14. | 19-cv-4105 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Piguet & Cie S.A. | Banque Piguet & Cie SA |
| 15. | 19-cv-4129 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentina (Portugal), S.A., et al. | Banco Bilbao Vizcaya Argentaria (Portugal) S.A. |

| 16. | 19-cv-4129 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentina (Portugal), S.A., et al. | Banco Bilbao Vizcaya Argentaria, S.A. |
|-----|------------|---|---|
| 17. | 19-cv-4129 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentina (Portugal), S.A., et al. | BBVA Fundas Privanza |
| 18. | 19-cv-4129 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentina (Portugal), S.A., et al. | BBVA Grand Cayman |
| 19. | 19-cv-4129 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentina (Portugal), S.A., et al. | BBVA Miami |
| 20. | 19-cv-4131 | Fairfield Sentry Ltd. (In Liquidation), et al. v. AXA Isle of Man Limited | Utmost Limited f/k/a AXA Isle of Man Limited |
| 21. | 19-cv-4134 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc. | Merrill Lynch, Pierce, Fenner & Smith, Inc. |
| 22. | 19-cv-4138 | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited Ref Greenlake Arbitrage Fund Ltd. | UBS Fund Services (Cayman) Limited n/k/a MUFG Alternative Fund Services (Cayman) Limited |
| 23. | 19-cv-4145 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Neue Bank AG | Neue Bank AG |
| 24. | 19-cv-4146 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombardy Properties Limited | Lombardy Properties Limited |
| 25. | 19-cv-4148 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Bahamas), et al. | Credit Suisse AG, Nassau Branch |
| 26. | 19-cv-4148 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Bahamas), et al. | Credit Suisse (Bahamas) a/k/a Credit Suisse (Bahamas) Limited |
| 27. | 19-cv-4153 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fund Nominees Limited, et al. | Fund Nominees Limited and Collins Stewart (CI) Ltd. |
| 28. | 19-cv-4155 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Atlantico (Bahamas) | Maria Férère, as Liquidator of Banco Atlántico (Bahamas) a/k/a Banco Atlántico (Bahamas) Bank & Trust Limited (In Voluntary Liquidation) |
| 29. | 19-cv-4168 | Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al. | SG Private Banking (Suisse) SA |
| 30. | 19-cv-4168 | Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al. | FIF Advanced Limited |
| 31. | 19-cv-4170 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Miami | FS/BBVA Miami |
| 32. | 19-cv-4173 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Institutional Trust Services (Asia) Limited | HSBC Institutional Trust Services (Asia) Limited |
| 33. | 19-cv-4178 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse International | Credit Suisse International |
| 34. | 19-cv-4188 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Atlantico Gibraltar Ltd., et al. | Banco Atlantico Gibraltar Ltd. a/k/a EFG Bank (Gibraltar) Ltd. |

| 35. | 19-cv-4188 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Atlantico Gibraltar Ltd., et al. | European Financial Group EFG S.A. a/k/a European Financial Group EFG (Luxembourg) S.A. |
| 36. | 19-cv-4203 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ZCM Asset Holding Company (Bermuda) Limited, et al. | Standard Chartered Premium Fund, f/k/a American Express Offshore Alternative Investment Fund |
| 37. | 19-cv-4219 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombard Odier Darier Hentsch & Cie | Lombard Odier Darier Hentsch & Cie |
| 38. | 19-cv-4225 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al. | SG Hambros Nominees (Jersey) |
| 39. | 19-cv-4225 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al. | SG Hambros Bank (Channel Islands) Limited - Guernsey |
| 40. | 19-cv-4225 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al. | Hambros Guernsey Nominees |
| 41. | 19-cv-4225 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al. | SG Hambros Bank & Trust (Guernsey) Ltd. |
| 42. | 19-cv-4254 | Fairfield Sentry Ltd. (In Liquidation), et al. v. EFG Bank | EFG Bank a/k/a EFG Bank AG and/or EFG Bank SA |
| 43. | 19-cv-4257 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al. | Murdoch and Company |
| 44. | 19-cv-4257 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al. | Robinson and Company |
| 45. | 19-cv-4261 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Private Banking Nom. | Republic Nominees Limited f/k/a HSBC Private Banking Nominee 1 (Jersey) Limited |
| 46. | 19-cv-4262 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al. | HSBC Private Bank (C.I.) Limited f/k/a HSBC Private Bank (Guernsey) Limited |
| 47. | 19-cv-4262 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al. | HSBC Private Bank (C.I.) Limited |
| 48. | 19-cv-4262 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al. | Republic Nominees Limited |
| 49. | 19-cv-4263 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Andbanc Andorra | ANDBanc Andorra a/k/a Andorra Banc Agricol Reig, S.A. |
| 50. | 19-cv-4265 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ING Bank (Suisse) SA | ING Bank (Suisse) SA, as predecessor to Bank Julius Baer & Co. Ltd. |
| 51. | 19-cv-4267 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank (Switzerland) AG, et al. | Citibank (Switzerland) AG |
| 52. | 19-cv-4268 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Sumitomo Trust & Banking Co., Ltd. | Sumitomo Trust & Banking Co., Ltd. |

| 53. | 19-cv-4274 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis Private Banking International SA | Natixis Wealth Management Luxembourg f/k/a Natixis Private Banking International S.A. |
| 54. | 19-cv-4278 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Suisse) SA Geneve | Deutsche Bank (Suisse) SA |
| 55. | 19-cv-4285 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al. | Deutsche Bank (Cayman) |
| 56. | 19-cv-4285 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al. | Sciens Global Opportunity Fund |
| 57. | 19-cv-4285 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al. | Sciens CFO 1 Feeder Fund Ltd. |
| 58. | 19-cv-4285 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al. | Odyssey Alternative Fund Limited |
| 59. | 19-cv-4317 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Celfin International Limited | Celfin International Limited n/k/a BTG Pactual (Cayman) International Holding Limited |
| 60. | 19-cv-4319 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Arden International Capital Limited | Arden International Capital Limited |
| 61. | 19-cv-4324 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bordier & Cie | Bordier & Cie |
| 62. | 19-cv-4357 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank AG Singapore | Deutsche Bank AG (Singapore) |
| 63. | 19-cv-4359 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Blubank Limited | Blubank Ltd. n/k/a Inteligo Bank Ltd. |
| 64. | 19-cv-4364 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa Luxembourg S.A., et al. | Banco Itau Europa Luxembourg SA |
| 65. | 19-cv-4365 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/CBESSA | FS/CBESSA a/k/a Banque Privee Espirito Santo SA f/k/a Compagnie Bancaire Espirito Santo SA |
| 66. | 19-cv-4367 | Fairfield Sentry Ltd. (In Liquidation), et al. v. SNS Global Custody B.V. | SNS Global Custody B.V. |
| 67. | 19-cv-4369 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Pictet & Cie | Pictet & Cie |
| 68. | 19-cv-4379 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Wall Street Securities S.A. | Wall Street Securities f/k/a Bantal Brothers SA |
| 69. | 19-cv-4381 | Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al. | FIF Advanced Limited |
| 70. | 19-cv-4381 | Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al. | SG Private Banking (Suisse) SA |
| 71. | 19-cv-4382 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Monte Paschi Ireland Ltd. | Monte Paschi Ireland Limited |

| 72. | 19-cv-4384 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Nomura International PLC | Nomura International PLC |
| 73. | 19-cv-4385 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Arbitrage SNC | BNP Paribas Arbitrage SNC |
| 74. | 19-cv-4386 | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Luxembourg SA | UBS Luxembourg SA n/k/a UBS Europe SE, Luxembourg Branch |
| 75. | 19-cv-4388 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch International | Merrill Lynch International |
| 76. | 19-cv-4395 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Fortis Banque SA/NV | BNP Paribas Fortis (f/k/a Fortis Bank SA/NV) |
| 77. | 19-cv-4396 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Citigroup Global Markets Limited, et al. | Citigroup Global Markets Limited |
| 78. | 19-cv-4414 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Suisse) | Banque SYZ SA, as successor to Royal Bank of Canada (Suisse) |
| 79. | 19-cv-4415 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas España | BNP Paribas España (f/k/a Fortis Bank (España)) |
| 80. | 19-cv-4416 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Stichting Stroeve Global Custody | FS Stichting Stroeve Global |
| 81. | 19-cv-4418 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited, et al. | HSBC Bank Bermuda Limited |
| 82. | 19-cv-4418 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited, et al. | Somers Nominees (Far East) Limited |
| 83. | 19-cv-4420 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Inversis SA | Banco Inversis S.A. |
| 84. | 19-cv-4424 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bureau of Labor Insurance | Bureau of Labor Insurance |
| 85. | 19-cv-4425 | Fairfield Sentry Ltd. (In Liquidation), et al., v. Credit Industriel et Commercial Singapore Branch | Credit Industriel et Commercial Singapore Branch |
| 86. | 19-cv-4426 | Fairfield Sentry Limited, et al. v. SIX SIS AG | SIX SIS AG a/k/a Sis SegaInterSettle AG |
| 87. | 19-cv-4428 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Multi-Strategy Fund Limited | Multi-Strategy Fund Limited |
| 88. | 19-cv-4431 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Cathay Life Insurance Co. LTD. | Cathay Life Insurance Co. Ltd. |
| 89. | 19-cv-4432 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia BIL, et al. | Candriam World Alternative f/k/a Dexia World Alternative |
| 90. | 19-cv-4432 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia BIL, et al. | Dexia Banque Internationale a Luxembourg |
| 91. | 19-cv-4434 | Fairfield Sentry Ltd. (In Liquidation), et al. v. NYROY, Royal Bank of Canada, et al. | Royal Bank of Canada (erroneously identified as NYROY, Royal Bank of Canada) |
| 92. | 19-cv-4437 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Rahn & Bodmer Banquiers | Rahn & Bodmer Banquiers n/k/a Rahn+Bodmer Co. |

| 93. | 19-cv-4438 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada Singapore Branch | Royal Bank of Canada Singapore Branch |
| 94. | 19-cv-4439 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia Private Bank (Switzerland) | Banque Internationale à Luxembourg (Suisse) SA f/k/a Dexia Private Bank (Switzerland) SA |
| 95. | 19-cv-4441 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust (Luxembourg), et al. | AAAm, S.A. |
| 96. | 19-cv-4441 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust (Luxembourg), et al. | Societe Generale Bank & Trust (Luxembourg) |
| 97. | 19-cv-4445 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque de Reescompte et de Placement | Banque de Reescompte et de Placement a/k/a BAREP |
| 98. | 19-cv-4446 | Fairfield Sentry Ltd. (In Liquidation) et al. v. BIE Bank & Trust Bahamas Ltd. | Itaú Bank & Trust Bahamas Ltd. (sued as BIE Bank & Trust Bahamas Ltd.) |
| 99. | 19-cv-4459 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al. | BNY AIS Nominees Ltd. |
| 100. | 19-cv-4459 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al. | Crèdit Andorrà / Crediinvest (not a juridicial entity) |
| 101. | 19-cv-4461 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Commercial Bank of Kuwait | Commercial Bank of Kuwait |
| 102. | 19-cv-4475 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Natexis Banques Populaires, et al. | Natixis S.A. f/k/a Natexis Banques Populaires |
| 103. | 19-cv-4479 | Fairfield Sentry Ltd. (In Liquidation), et al. v. All Funds Bank, et al. | AllFunds Bank |
| 104. | 19-cv-4479 | Fairfield Sentry Ltd. (In Liquidation), et al. v. All Funds Bank, et al. | NMAS1 Gestion SGIIC S.A. |
| 105. | 19-cv-4483 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al. | HSBC Trust Company AG f/k/a HSBC Guyerzeller Trust Company AG |
| 106. | 19-cv-4483 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al | Stanhope Capital (Switzerland) SA sued incorrectly herein as Stanhope Capital |
| 107. | 19-cv-4484 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Citivic Nominees Limited, et al. | Citivic Nominees Limited |
| 108. | 19-cv-4486 | Fairfield Sentry Ltd. (In Liquidation), et al. v. KWI | KWI |
| 109. | 19-cv-4489 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Kefong Lee | Kefong Lee |
| 110. | 19-cv-4491 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque et Caisse d'Epargne de l'Etat Luxembourg, et al. | Banque et Caisse d'Epargne de l'Etat Luxembourg |
| 111. | 19-cv-4495 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al. | Credit Suisse Gibraltar Limited |
| 112. | 19-cv-4495 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al. | Credit Suisse Nominees a/k/a Credit Suisse |

| | | | Nominees (Guernsey) Limited A/C Gib |
|---|---|---|---|
| 113. | 19-cv-4498 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Eduardo Fernandez de Valderrama Murillo | Eduardo Fernandez de Valderrama Murillo |
| 114. | 19-cv-4500 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BGL BNP Paribas S.A, et al. | BGL BNP Paribas S.A. (f/k/a FS/Fortis Banque Luxembourg) |
| 115. | 19-cv-4500 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BGL BNP Paribas S.A., et al. | Banque Generale du Luxembourg (n/k/a BGL BNP Paribas S.A.) |
| 116. | 19-cv-4501 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Zurich/Shares | FS/BBVA Zurich/Shares |
| 117. | 19-cv-4502 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse AG Nassau Branch Wealth Management | Credit Suisse AG Nassau Branch Wealth Management |
| 118. | 19-cv-4515 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Israel Discount Bank, Limited, Tel Aviv | Israel Discount Bank, Limited, Tel Aviv |
| 119. | 19-cv-4533 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Pleasant T. Rowland Foundation Inc. | Pleasant T. Rowland Foundation Inc. |
| 120. | 19-cv-4535 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Netherland NV, et al. | IDF Global Fund |
| 121. | 19-cv-4535 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Nederland NV, et al. | ABN AMRO Bank N.V. f/k/a Fortis Bank Nederland N.V. |
| 122. | 19-cv-4536 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Societe Europeenne de Banque S.A. | Intesa Sanpaolo Bank Luxembourg SA f/k/a Société Européenne de Banque S.A. |
| 123. | 19-cv-4539 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBP Titres | Natixis S.A., of which EuroTitres (incorrectly named in the complaint as "NBP Titres") is a division |
| 124. | 19-cv-4540 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Abu Dhabi Investment Authority | Abu Dhabi Investment Authority |
| 125. | 19-cv-4543 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Vontobel AG | Bank Vontobel AG, Banque Vontobel Geneve SA n/k/a Bank Vontobel AG |
| 126. | 19-cv-4545 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada., et al. | Royal Bank of Canada a/k/a/ RBC Capital Markets Corp. |
| 127. | 19-cv-4545 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada, et al. | RBC Dominion Securities, Inc. |
| 128. | 19-cv-4546 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole (Suisse) SA | Credit Agricole (Suisse) SA |
| 129. | 19-cv-4547 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Naidot & Co., et al. | Bessemer Trust Company |
| 130. | 19-cv-4547 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Naidot & Co., et al. | Naidot & Co. |

| 131. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a/ Lion Fairfield Capital Management, et al | Lion Global Investors f/k/a/ Lion Fairfield Capital Management |
|---|---|---|---|
| 132. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | GE Brunei Life Ins FD - Lion Capital Balanced (330008) |
| 133. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | GE Life, GE Life Sharholders FD - Lion Capital FI (330007) |
| 134. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | GE Truste Pte Ltd. - Lion Capital - SCND |
| 135. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | Shareholders Fund - SCMS |
| 136. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | GE Life S Pore LI INV FD PAR SLAM (FI) |
| 137. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | SCND Life INS Fund PAR FI SLAM |
| 138. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | GE Life S PORE LI INV FD PAR SLAM FL |
| 139. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | GE Brunei Life INS FD SLAM Balanced |
| 140. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | GE Life Shareholders FD SLAM FL |
| 141. | 19-cv-4550 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Swedclient/IAM, et al. | Swedbank AB (erroneously named as FS/Swedclient/IAM) |
| 142. | 19-cv-4552 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V., et al. | Fortis Global Custody Services N.V. n/k/a ABN AMRO Global Custody Services N.V. |
| 143. | 19-cv-4552 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V., et al. | Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V. |
| 144. | 19-cv-4561 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/AEB Lux, et al. | Standard Chartered Bank, f/k/a American Express Bank (London) |
| 145. | 19-cv-4565 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Suisse) SA as Successor to Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG, et al. | Deutsche Bank (Suisse) SA |
| 146. | 19-cv-4567 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque SCS Alliance SA | Banque SCS Alliance SA n/k/a Compagnie Bancaire Helvetique SA |
| 147. | 19-cv-4569 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Avalon Absolute Return Funds PLC, et al. | Avalon Absolute Return Funds PLC |
| 148. | 19-cv-4570 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives | Mirabaud & Cie SA (f/k/a Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives) |
| 149. | 19-cv-4571 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deltec Bank & Trust Limited | Deltec Bank & Trust Ltd. |

| 150. | 19-cv-4573 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Kas Bank, et al. | KAS BANK N.V. (sued as Kas Bank) |
| 151. | 19-cv-4573 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Kas Bank, et al. | KAS Depositary Trust Company a/k/a KAS BANK Effectenbewaarbedrijf N.V. (sued as KAS Depositary Trust Co.) |
| 152. | 19-cv-4585 | Fairfield Sentry Limited, et al. v. Simgest SpA | Simgest SpA |
| 153. | 19-cv-4603 | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al. | BP Alpha S.A. n/k/a BP Alpha (Agente De Valores S.A.) |
| 154. | 19-cv-4603 | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al. | UBS Fund Services (Ireland) Ltd. n/k/a MUFG Alternative Fund Services (Ireland) Limited |
| 155. | 19-cv-4603 | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al. | UBS AG |
| 156. | 19-cv-4604 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank (Suisse) SA | Barclays Bank (Suisse) SA |
| 157. | 19-cv-4605 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Andorra Banc Agricol Reig SA | Andorra Banc Agricol Reig S.A. |
| 158. | 19-cv-4607 | Fairfield Sigma Ltd. (In Liquidation), et al. v. FS/LAB/AXA PM | Architas f/k/a AXA Private Management |
| 159. | 19-cv-4608 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees (Guernsey) Limited | Credit Suisse Nominees (Guernsey) Limited |
| 160. | 19-cv-4610 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al. | Societe Generale Bank & Trust (Luxembourg) |
| 161. | 19-cv-4610 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al. | Oval Alpha Palmares |
| 162. | 19-cv-4610 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al. | Palmares Europlus |
| 163. | 19-cv-4610 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al. | UMR |
| 164. | 19-cv-4611 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fullerton Capital PTE, Ltd. | Fullerton Capital PTE, Ltd. |
| 165. | 19-cv-4620 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Arden Endowment Advisers Limited., et al. | Arden Endowment Advisers, Ltd. |
| 166. | 19-cv-4620 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Arden Endowment Advisers Limited, et al. | Arden Asset Management, Inc. |
| 167. | 19-cv-4623 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BankMed (Suisse) S.A. | BankMed (Suisse) SA |
| 168. | 19-cv-4624 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Nederland NV, et al. | ABN AMRO Bank N.V. f/k/a Fortis Bank (Nederland) N.V. |
| 169. | 19-cv-4624 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Nederland NV, et al. | Sempervirens Capital Management Limited Class E-F Fund |

| 170. | 19-cv-4627 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Tayleigh Trust Co. Ltd., et al. | Tayleigh Trust Company Limited; the Reserve Trust (Tayleigh or Samantha Sackler) |
|------|------------|------|------|
| 171. | 19-cv-4657 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al. | Melrose Investments Ltd. |
| 172. | 19-cv-4657 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al. | Caliber Investments Ltd. |
| 173. | 19-cv-4660 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Grand Cathay Securities (Hong Kong) Limited | KGI Asia Limited (successor- in-interest to Grand Cathay Securities (Hong Kong) Limited) |
| 174. | 19-cv-4668 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis | Natixis S.A. (in its own capacity and as successor-in- interest to IXIS Corporate & Investment Bank) |
| 175. | 19-cv-4683 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Nominees (Jersey) Limited | Deutsche Bank Nominees (Jersey) Limited |
| 176. | 19-cv-4687 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/ING Lux | FS/ING Lux. a/k/a ING Luxembourg SA |
| 177. | 19-cv-4691 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SG Private Banking (Lugano-Svizzera) SA | FS/SG Private Banking (Lugano-Svizzera) SA a/k/a FS/SG Private Banking Suisse SA |
| 178. | 19-cv-4741 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bipielle Banke (Suisse) | Bipielle Bank (Suisse) in Liquidation (sued as Bipielle Banke (Suisse)) |
| 179. | 19-cv-4742 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Parson Finance Panama SA | Parson Finance Panama SA |
| 180. | 19-cv-4743 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Cariga SPA et al. | Banca Carige SPA |
| 181. | 19-cv-4744 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa International | Banco Itaú International f/k/a Banco Itaú Europa International |
| 182. | 19-cv-4765 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Investec Bank (Switzerland) AG | Investec Bank (Switzerland) AG |
| 183. | 19-cv-4766 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nassau Branch Wealth Management | Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited |
| 184. | 19-cv-4767 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Degroof Bruxelles, et al. | Banque Degroof Bruxelles a/k/a Banque Degroof SA Bruxelles |
| 185. | 19-cv-4768 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Catalunya Caixa | Catalunya Caixa f/k/a Caixa Catalunya a/k/a Caixa D'Estalvis de Catalunya |
| 186. | 19-cv-4770 | Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dexia Investor Services España S.A. | RBC Investor Services España, S.A. n/k/a Bancoval S.A. |

| 187. | 19-cv-4771 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/GSCO London, et al. | FS/GSCO London |
|------|------------|---------------------------------------------------------------------------|----------------|
| 188. | 19-cv-4771 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/GSCO London, et al. | FS/GSCO New York |
| 189. | 19-cv-4772 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Millennium Multi-Strategy Fund, et al. | Millennium Multi-Strategy Fund |
| 190. | 19-cv-4772 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Millennium Multi-Strategy Fund, et al. | SEI Investments Trustee and Custodial Services (Ireland) Ltd. |
| 191. | 19-cv-4773 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Private Bank & Trust (Channel Islands) Limited | Zedra Trust Company (Jersey) Limited, named herein as Barclays Private Bank & Trust (Channel Islands) Limited |
| 192. | 19-cv-4778 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of Ireland Nominees Limited | Bank of Ireland Nominees Limited n/k/a Northern Trust Nominees (Ireland) Limited |
| 193. | 19-cv-04779 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BRED Banque Populaire | BRED Banque Populaire |
| 194. | 19-cv-4788 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Cesare Ponti SPA | Banca Cesare Ponti SPA |
| 195. | 19-cv-04789 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Centre College | Centre College |
| 196. | 19-cv-4798 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Portobelo Advisors Inc. | Portobelo Advisors Inc. |
| 197. | 19-cv-4806 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al. | Schroder & Co. (Asia) Ltd. |
| 198. | 19-cv-4806 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al. | Perenco SA |
| 199. | 19-cv-4813 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of America National Trust and Savings Association | Bank of America National Trust and Savings Association |
| 200. | 19-cv-4817 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque de Luxembourg | Banque de Luxembourg |
| 201. | 19-cv-4818 | Fairfield Sigma Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al. | FS Oddo & Cie |
| 202. | 19-cv-4818 | Fairfield Sigma Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al. | OAM |
| 203. | 19-cv-4825 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al. | CACEIS Bank Luxembourg |
| 204. | 19-cv-4825 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al. | Natixis S.A. and its predecessors in interest as the owner/operator of certain accounts named as defendants |
| 205. | 19-cv-4853 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Degroof Petercam Luxembourg S.A., et al. | Banque Degroof Petercam Luxembourg S.A. |
| 206. | 19-cv-4853 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Degroof Petercam Luxembourg S.A., et al. | Fidessa Alpha Fund |

| 207. | 19-cv-4860 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) S.A., et al. | HSBC Securities Services (Luxembourg), SA |
| 208. | 19-cv-4860 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al. | Private-Space Ltd. |
| 209. | 19-cv-4861 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Suisse) S.A. | HSBC Private Bank (Suisse) S.A. |
| 210. | 19-cv-4863 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Trust Company Americas | Deutsche Bank Trust Company Americas |
| 211. | 19-cv-4864 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Banca Popolare dell'Alto Adige Soc. Coop. Resp. Lim., et al. | Banca Popolare dell'Alto Adige S.p.A. |
| 212. | 19-cv-4865 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Retained Nominees (IOM) Limited, et al. | Platinum All Weather Fund Limited |
| 213. | 19-cv-4865 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Retained Nominees (IOM) Limited., et al. | ABN AMRO Retained Nominees (IOM) Limited |
| 214. | 19-cv-4869 | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG New York | UBS AG |
| 215. | 19-cv-4882 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Bank (Suisse) SA | Merrill Lynch Bank (Suisse) SA |
| 216. | 19-cv-4782 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim BM, London, et al. | Bank Hapoalim B.M., London |
| 217. | 19-cv-4785 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Chelsea Trust Co., Ltd., et al. | Chelsea Trust Company Limited; Karen Lefcourt Trust |
| 218. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | HSBC |
| 219. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Arden International Capital Limited |
| 220. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Harmony Capital Fund Ltd. |
| 221. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Lloyds TSB Bank Geneva n/k/a Lloyds TSB Bank, plc |
| 222. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | RBS Coutts Bank Ltd. n/k/a Coutts & Co. Ltd. |
| 223. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bank Julius Baer & Co. Ltd. |
| 224. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | RBC Investor Services Bank, S.A. f/k/a RBC Dexia Investor Services Bank, S.A., and possibly the entity intended by Plaintiff in naming as defendant "RBC Dexia Investor Service Julius Baer Sicav" |
| 225. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Fairfield Investment Fund Ltd. |

| 226. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Fairfield Investment GCI |
| 227. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | FIF Advanced Ltd. |
| 228. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Compagnie Bancaire Helvetique SA |
| 229. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | BCV AMC Defensive ALT Fund |
| 230. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Banque Cantonale Vaudoise |
| 231. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Societe Generale Bank & Trust |
| 232. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Rothschild Bank Geneve (Dublin) |
| 233. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Edmond de Rothschild (Suisse) S.A |
| 234. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 235. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 236. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Lombard Odier Darier Hentsch & Cie |
| 237. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) |
| 238. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Vorarlberger Landes- und Hypothekenbank AG |
| 239. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | CACEIS Bank Luxembourg |
| 240. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | UBS AG |
| 241. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | UBS Jersey Nominees Limited |
| 242. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | BNP Paribas (Suisse) SA |
| 243. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | BNP Paribas (Suisse) SA Ex Fortis (n/k/a BNP Paribas (Suisse) SA) |
| 244. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | BNP Paribas (Suisse) SA Private (n/k/a BNP Paribas (Suisse) SA) |

| 245. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Falcon Private Bank Ltd. |
|---|---|---|---|
| 246. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | InCore Bank AG |
| 247. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Pictet & Cie |
| 248. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Corner Banca SA |
| 249. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Finter Bank Zurich |
| 250. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | IHAG Handelsbank AG |
| 251. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | PKB Privatbank AG |
| 252. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Banca Unione di Credito |
| 253. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | BSI AG |
| 254. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | BSI Ex Banca Del Gottardo |
| 255. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | EFG Bank SA Switzerland |
| 256. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | EFG Eurofinancier D'Invest MCL |
| 257. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Dresdner Bank Schweiz n/k/a LGT Bank (Switzerland) Ltd. |
| 258. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | LGT Bank in Liechtenstein AG n/k/a LGT Bank AG |
| 259. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | BBVA (Suisse) SA |
| 260. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Sis Seeganintersettle |
| 261. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | SIX SIS Ltd. |
| 262. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Dexia Banque Internationale a Luxembourg |
| 263. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie |
| 264. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bank Leumi le-Israel B.M. |
| 265. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Liechtensteinische LB Reinvest ALM |

| 266. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Verwaltungs-und Privat-Bank Aktiengesellschaft |
|------|------------|------------------------------------------------------------------------------|------------------------------------------------|
| 267. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Centrum Bank Aktiengesellschaft |
| 268. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Banca Arner S.A. |
| 269. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Clariden Leu Ltd. |
| 270. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Credit Suisse AG Zurich |
| 271. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Allianzbank SPA/Unifortune Conservative Side Pocket |
| 272. | 19-cv-4888 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Quasar Fund SPC Class A and Class B CGCNV |
| 273. | 19-cv-4930 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Clarks Fork Foundation | Clarks Fork Foundation |
| 274. | 19-cv-4933 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Baring Brothers Sturdza SA | Banque Baring Brothers Sturdza SA |
| 275. | 19-cv-4934 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Bank Leumi Israel | FS/Bank Leumi Israel |
| 276. | 19-cv-4941 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Delta S.P.A., et al. | Delta S.P.A. |
| 277. | 19-cv-04944 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Public Bank (Hong Kong) Limited | Public Bank (Hong Kong) Limited |
| 278. | 19-cv-04944 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Public Bank (Hong Kong) Limited | Public Bank Nominees Limited |
| 279. | 19-cv-4962 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hinduja Bank (Switzerland) SA, et al. | Hinduja Bank (Switzerland) SA f/k/a Amas Bank (Switzerland) Ltd., and Banca Commerciale Lugano |
| 280. | 19-cv-4963 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Havilland S.A. | Banque Havilland S.A. f/k/a Banco Popolare Di Verona E Novara Luxembourg S.A. |
| 281. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait | National Bank of Kuwait S.A.K. |
| 282. | 19-cv-4965 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait | NBK Banque (Suisse) S.A. |
| 283. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | HSBC |
| 284. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Harmony Capital Fund Ltd. |
| 285. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Lloyds TSB Bank Geneva n/k/a Lloyds TSB Bank, plc |

| 286. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | RBS Coutts Bank Ltd. n/k/a Coutts & Co. Ltd. |
|---|---|---|---|
| 287. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | RBC Investor Services Bank, S.A. f/k/a RBC Dexia Investor Services Bank, S.A., and possibly the entity intended by Plaintiff in naming as defendant "RBC Dexia Investor Service Julius Baer Sicav" |
| 288. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bank Julius Baer & Co. Ltd. |
| 289. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Fairfield Investment Fund Ltd. |
| 290. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Fairfield Investment GCI |
| 291. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | FIF Advanced Ltd. |
| 292. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Compagnie Bancaire Helvetique SA |
| 293. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | BCV AMC Defensive ALT Fund |
| 294. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Banque Cantonale Vaudoise |
| 295. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Societe Generale Bank & Trust |
| 296. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Rothschild Bank Geneve (Dublin) |
| 297. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Edmond de Rothschild (Suisse) S.A |
| 298. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 299. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 300. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Lombard Odier Darier Hentsch & Cie |
| 301. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) |
| 302. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Vorarlberger Landes- und Hypothekenbank AG |

| 303. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | CACEIS Bank Luxembourg |
|------|------------|---------------------------------------------------------------------------------|------------------------|
| 304. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | UBS AG |
| 305. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | UBS Jersey Nominees Limited |
| 306. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | BNP Paribas (Suisse) SA |
| 307. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | BNP Paribas (Suisse) SA Ex Fortis (n/k/a BNP Paribas (Suisse) SA) |
| 308. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | BNP Paribas (Suisse) SA Private (n/k/a BNP Paribas (Suisse) SA) |
| 309. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Falcon Private Bank Ltd. |
| 310. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | InCore Bank AG |
| 311. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Pictet & Cie |
| 312. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Corner Banca SA |
| 313. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Finter Bank Zurich |
| 314. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | IHAG Handelsbank AG |
| 315. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | PKB Privatbank AG |
| 316. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Banca Unione di Credito |
| 317. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | BSI AG |
| 318. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | BSI Ex Banca Del Gottardo |
| 319. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | EFG Bank SA Switzerland |
| 320. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | EFG Eurofinancier D'Invest MCL |
| 321. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Dresdner Bank Schweiz n/k/a LGT Bank (Switzerland) Ltd. |
| 322. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | LGT Bank in Liechtenstein AG n/k/a LGT Bank AG |
| 323. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | BBVA (Suisse) SA |

| 324. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Sis Seeganintersettle |
|---|---|---|---|
| 325. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | SIX SIS Ltd. |
| 326. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Dexia Banque Internationale a Luxembourg |
| 327. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie |
| 328. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Liechtensteinische LB Reinvest ALM |
| 329. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Verwaltungs-und Privat-Bank Aktiengesellschaft |
| 330. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Centrum Bank Aktiengesellschaft |
| 331. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Banca Arner S.A. |
| 332. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Clariden Leu Ltd. |
| 333. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Credit Suisse AG Zurich |
| 334. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Allianzbank SPA/Unifortune Conservative Side Pocket |
| 335. | 19-cv-4964 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Quasar Fund SPC Class A and Class B CGCNV |
| 336. | 19-cv-4965 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Jared Trading Limited/BVI, et al. | Jared Trading Limited/BVI |
| 337. | 19-cv-4967 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank SA Madrid et al. | CaixaBank, S.A., named herein as Barclays Bank SA Madrid |
| 338. | 19-cv-4972 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait | National Bank of Kuwait S.A.K. |
| 339. | 19-cv-4972 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait | NBK Banque (Suisse) S.A. |
| 340. | 19-cv-4973 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Nominees Ltd., et al. | BNP Paribas Securities Nominees Ltd. (a/k/a Harrier Holdings Ltd.) |
| 341. | 19-cv-4985 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities (Panama) SA, et al. | HSBC Latin America Holdings (UK) Limited (successor-in- interest to HSBC Securities (Panama) S.A.) |
| 342. | 19-cv-4986 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Kiangsu Chekiang And Shanghai Residents (H.K.) Association | Kiangsu Chekiang And Shanghai Residents (H.K.) Association |
| 343. | 19-cv-4988 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hontai Life Insurance Company Limited | Hontai Life Insurance Company Limited |

| 344. | 19-cv-4989 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Graziela Strina de Toledo Arruda and Luisa M. Strina | Graziela Strina de Toledo Arruda |
|------|------------|------|------|
| 345. | 19-cv-4989 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Graziela Strina de Toledo Arruda and Luisa M. Strina | Luisa M. Strina |
| 346. | 19-cv-4990 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Schroders Italy SIM SPA, et al. | Schroders Italy SIM SpA |
| 347. | 19-cv-4991 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Kredietbank SA Luxembourgeoise, et al. | Clearstream Banking SA |
| 348. | 19-cv-4991 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Kredietbank SA Luxembourgeoise, et al. | KBL European Private Bankers S.A. f/k/a Kreidietbank SA Luxembourgeoise |
| 349. | 19-cv-4994 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Banca Profilo SPA | Banca Profilo SpA |
| 350. | 19-cv-4995 | Fairfield Sentry Ltd. (In Liquidation), et al. v. CACEIS Bank EX IXIS IS, et al. | CACEIS Bank EX IXIS IS |
| 351. | 19-cv-4995 | Fairfield Sentry Ltd. (In Liquidation), et al. v. CACEIS Bank EX IXIS IS, et al. | VEGA Investment Managers f/k/a IXIS Private Capital Management ("IPCM") |
| 352. | 19-cv-4998 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA | Credit Suisse (Luxembourg) SA |
| 353. | 19-cv-5006 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank & Trust Cayman Ltd. | BNP Paribas Private Bank & Trust Cayman Ltd. |
| 354. | 19-cv-5019 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco General SA Banca Privada | Banco General SA Banca Privada |
| 355. | 19-cv-5020 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Dreadnought Finance OY | Dreadnought Finance OY |
| 356. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Credit Agricole (Miami) |
| 357. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Credit Lyonnais Miami n/k/a LCL-LE Credit Lyonnais S.A. Miami |
| 358. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Credit Lyonnais n/k/a LCLLE Credit Lyonnais SA |
| 359. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Credit Lyonnais SA |
| 360. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Brown Brothers Harriman & Co |
| 361. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Fox Nominees, LLC |
| 362. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Blush Nominees, LLC |
| 363. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | SCB Nominees (CI) Ltd. |

| 364. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Banco Itaú International f/k/a Bank Boston International Florida |
| 365. | 19-cv-5024 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC International Trustee Limited | HSBC International Trustee Limited |
| 366. | 19-cv-5030 | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al. | UBS Fund Services (Cayman) Limited n/k/a MUFG Alternative Fund Services (Cayman) Limited |
| 367. | 19-cv-5030 | Fairfield Sentry Ltd. (In Liquidation), et al. v. DGAM Alternative Strategy Fund II, SPC - Cell A, et al. | The Legacy Fund |
| 368. | 19-cv-5030 | Fairfield Sentry Ltd. (In Liquidation), et al. v. DGAM Alternative Strategy Fund II, SPC - Cell A, et al. | DGAM Alternative Strategy Fund II, SPC – Cell A |
| 369. | 19-cv-5030 | Fairfield Sentry Ltd. (In Liquidation), et al. v. DGAM Alternative Strategy Fund II, SPC - Cell A, et al. | DGAM Alternative Strategy Fund II, SPC – Cell B |
| 370. | 19-cv-5030 | Fairfield Sentry Ltd. (In Liquidation), et al. v. DGAM Alternative Strategy Fund II, SPC - Cell A, et al. | DGAM Alternative Strategy Fund L.P. |
| 371. | 19-cv-5030 | Fairfield Sentry Ltd. (In Liquidation), et al. v. DGAM Alternative Strategy Fund II, SPC - Cell A, et al. | DGAM Asset Allocation Fund L.P. |
| 372. | 19-cv-5033 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hansard Europe Ltd | Hansard Europe DAC (sued as Hansard Europe Ltd.) |
| 373. | 19-cv-5034 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Alok Sama | Alok Sama |
| 374. | 19-cv-5035 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Julius Baer and Co. Ltd., Zurich | Bank Julius Baer & Co. Ltd. |
| 375. | 19-cv-5040 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sarasin & Cie | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie |
| 376. | 19-cv-5042 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BP Alpha S.A., et al. | BP Alpha S.A. n/k/a BP Alpha (Agente De Valores S.A.) |
| 377. | 19-cv-5042 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BP Alpha S.A., et al. | Martin Lavarello |
| 378. | 19-cv-5042 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BP Alpha S.A., et al. | Nadine Pavolvsky |
| 379. | 19-cv-5044 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. Bank AG | Schroder & Co. Bank AG |
| 380. | 19-cv-5054 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Clearstream Banking SA | Clearstream Banking SA |
| 381. | 19-cv-5056 | Fairfield Sentry Ltd. (In Liquidation), et al. v. John E. Niederhuber IRA | John E. Niederhuber IRA |
| 382. | 19-cv-5057 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BK Hapoalim/BM Tel Aviv, et al. | Bank Hapoalim B.M. |
| 383. | 19-cv-5061 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Barfield Nominees Limited | Barfield Nominees Limited |
| 384. | 19-cv-5067 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Korea Exchange Bank | Korea Exchange Bank |

| 385. | 19-cv-5068 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Swedbank | Swedbank |
|---|---|---|---|
| 386. | 19-cv-5071 | Fairfield Sentry Ltd. (In Liquidation), et al. v. PFPC Bank Limited, et al. | BNY Mellon International Ltd. f/k/a PFPC Bank Ltd., PFPC International Bank Limited, and PNC International Bank Ltd. |
| 387. | 19-cv-5089 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Woori Bank | Woori Bank |
| 388. | 19-cv-5106 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Don Chimango SA, et al. | Cititrust (Bahamas) Limited |
| 389. | 19-cv-5107 | Fairfield Sentry Ltd. (In Liquidation), et al. v. CPR Online, et al. | CPR Online |
| 390. | 19-cv-5107 | Fairfield Sentry Ltd. (In Liquidation), et al. v. CPR Online, et al. | Credit Agricole Titres |
| 391. | 19-cv-5108 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Seoul Branch, Ltd | HSBC Seoul Branch, Ltd |
| 392. | 19-cv-5109 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank Korea Inc. | Citibank Korea Inc. |
| 393. | 19-cv-5110 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Unicorp Bank & Trust Limited | Itaú Bank & Trust Cayman, Ltd. f/k/a Unicorp Bank & Trust Ltd. |
| 394. | 19-cv-5112 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hua Nan Commercial Bank | Hua Nan Commercial Bank, Ltd. |
| 395. | 19-cv-5115 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Kasbank Effecten Bewaarbedrijf N.V. | KAS Depository Trust Company a/k/a KAS BANK Effectenbewaarbedrijf N.V. |
| 396. | 19-cv-5117 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services NV | ABN AMRO Global Custody Services N.V. (sued as Fortis Global Custody Services NV) |
| 397. | 19-cv-5118 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Atlantic Security Bank | Atlantic Security Bank |
| 398. | 19-cv-5119 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Liongate Multistrategy Fund SEG Portfolio | Liongate Multistrategy Fund SEG Portfolio |
| 399. | 19-cv-5125 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Theodoor GGC Amsterdam | Theodoor GGC Amsterdam |
| 400. | 19-cv-5126 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Dresdner Lateinamerika AG, et al. | UBS Deutschland AG n/k/a UBS Europe SE |
| 401. | 19-cv-5126 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Dresdner Lateinamerika AG, et al. | Dresdner Lateinamerika AG |
| 402. | 19-cv-5130 | Fairfield Sentry Ltd. (In Liquidation), et al. v. CDC IXIS | CDC IXIS |
| 403. | 19-cv-5131 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Global Fund Porvenir | Global Fund Porvenir |
| 404. | 19-cv-5132 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Nominees (IOM) Limited. | Banco Nominees 2 (Guernsey) Limited f/k/a |

| | | | Banco Nominees (IOM) Limited |
|---|---|---|---|
| 405. | 19-cv-5135 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Bank USA, et al. | HSBC Bank USA, N.A. |
| 406. | 19-cv-5135 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Co., et al. | Citibank (Switzerland) AG |
| 407. | 19-cv-5135 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Co., et al. | Citivic Nominees Limited |
| 408. | 19-cv-5135 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Bank USA, et al. | Compagnie Bancaire Espirito Santo SA n/k/a Banque Privee Espririto Santo SA |
| 409. | 19-cv-5135 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Bank USA, et al. | EFG Private Bank SA |
| 410. | 19-cv-5135 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Bank USA, et al. | Safra National Bank of New York |
| 411. | 19-cv-5135 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Bank USA, et al. | Banco Itau Europa Luxembourg SA |
| 412. | 19-cv-5135 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Market Co., et al. | Merrill Lynch Bank |
| 413. | 19-cv-5142 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banc of America Securities LLC | Banc of America Securities LLC |
| 414. | 19-cv-5143 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sarasin & Cie AG | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie |
| 415. | 19-cv-5149 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Rothschild Trust (Schweiz) AG | Rothschild Trust (Schweiz) AG |
| 416. | 19-cv-5153 | Fairfield Sentry Ltd. (In Liquidation), et al. v. CAIS Bank, et al. | CAIS Bank |
| 417. | 19-cv-5153 | Fairfield Sentry Ltd. (In Liquidation), et al. v. CAIS Bank, et al. | Calyon Paris |
| 418. | 19-cv-5154 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Cayman Limited | ABN AMRO Retained Services (Cayman) Limited (sued as Fortis Bank Cayman Limited n/k/a ABN AMRO Fund Services Bank (Cayman) Limited) |
| 419. | 19-cv-5157 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hyposwiss Private Bank Geneve S.A. | Hyposwiss Private Bank Geneve S.A. |
| 420. | 19-cv-5220 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSH Nordbank Securities S.A., et al. | HSH Nordbank Securities S.A. |
| 421. | 19-cv-5220 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSH Nordbank Securities S.A., et al. | Wegelin & Company |
| 422. | 19-cv-5223 | Fairfield Sentry Ltd. (In Liquidation), et al. v. First Gulf Bank | First Gulf Bank |
| 423. | 19-cv-5228 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Select Absolute Strategies SICAV | NN Investment Partners B.V. (sued as Select Absolute Strategies SICAV) |

| 424. | 19-cv-5237 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Rothschild & Cie Banque Paris | Rothschild et Cie Banque Paris |
|---|---|---|---|
| 425. | 19-cv-5240 | Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Investor Services Bank S.A. | RBC Investor Services Bank S.A. f/k/a RBC Dexia Investor Services Bank S.A. |
| 426. | 19-cv-5241 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Kasbank Depositary Trust Company Conc Theta Multistar Low Volatility Fund | KAS Depositary Trust Company a/k/a KAS BANK Effectenbewaarbedrijf N.V. (sued as KASBANK Depositary Trust Company Conc Theta Multistar Low Volatility Fund a/k/a KDTC Conc Theta Multistar Low Volatility Fund) |

# Appendix B

Appendix B
Constructive Trust Defendants-Appellees

|  | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 1. | 19-cv-3974 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank NA London | Judith Cherwinka a/ka/ Judith Cherwinka IRA, et al. |
| 2. | 19-cv-4079 | Fairfield Sentry Ltd. (In Liquidation), et al., v. Tercas-Cassa di Risparmio della Provincia di Teramo S.P.A. | Baca Popolare di Bari S.C.p.A in Amministrazione Straordinaria, as successor-in-interest to Tercas-Cassa Di Risparmio Della Provincia di Teramo S.P.A. |
| 3. | 19-cv-4081 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS ABN AMRO Global Custody | ABN AMRO Global Custody N.V. (sued as FS ABN AMRO Global Custody) |
| 4. | 19-cv-4084 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond de Rothschild (Europe), et al. | Banque Privee Edmond de Rothschild (Europe) |
| 5. | 19-cv-4084 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond De Rothschild (Europe), et al. | American Express Bank n/k/a Standard Chartered International (USA) Ltd. |
| 6. | 19-cv-4089 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Meritz Fire & Marine Insurance Company Ltd. | Meritz Fire & Marine Insurance Company Ltd. |
| 7. | 19-cv-4099 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Santander (Suisse) S.A. | Banco Santander International SA (f/k/a Banco Santander (Suisse) S.A.) |
| 8. | 19-cv-4100 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim (Suisse) Ltd. a/k/a Banque Hapoalim (Suisse) S.A., et al. | Hapoalim (Switzerland) Ltd. |
| 9. | 19-cv-4101 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Mizrahi Tefahot Bank Ltd. | Mizrahi Tefahot Bank Ltd. |
| 10. | 19-cv-4105 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Piguet & Cie S.A. | Banque Piguet & Cie SA |
| 11. | 19-cv-4131 | Fairfield Sentry Ltd. (In Liquidation), et al. v. AXA Isle of Man Limited | Utmost Limited f/k/a AXA Isle of Man Limited |
| 12. | 19-cv-4129 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentina (Portugal), S.A., et al. | Banco Bilbao Vizcaya Argentaria (Portugal) S.A. |
| 13. | 19-cv-4129 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentina (Portugal), S.A., et al. | Banco Bilbao Vizcaya Argentaria, S.A. |
| 14. | 19-cv-4129 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentina (Portugal), S.A., et al. | BBVA Fundas Privanza |
| 15. | 19-cv-4129 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentina (Portugal), S.A., et al. | BBVA Grand Cayman |
| 16. | 19-cv-4129 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentina (Portugal), S.A., et al. | BBVA Miami |

| 17. | 19-cv-4134 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc. | Merrill Lynch, Pierce, Fenner & Smith, Inc. |
|-----|------------|------------------------------------------------------------------------------------------------|----------------------------------------------|
| 18. | 19-cv-4138 | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited Ref Greenlake Arbitrage Fund Ltd. | UBS Fund Services (Cayman) Limited n/k/a MUFG Alternative Fund Services (Cayman) Limited |
| 19. | 19-cv-4145 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Neue Bank AG | Neue Bank AG |
| 20. | 19-cv-4146 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombardy Properties Limited | Lombardy Properties Limited |
| 21. | 19-cv-4148 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Bahamas), et al. | Credit Suisse AG, Nassau Branch |
| 22. | 19-cv-4148 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Bahamas), et al. | Credit Suisse (Bahamas) a/k/a Credit Suisse (Bahamas) Limited |
| 23. | 19-cv-4155 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Atlantico (Bahamas) | Maria Férère, as Liquidator of Banco Atlántico (Bahamas) a/k/a Banco Atlántico (Bahamas) Bank & Trust Limited (In Voluntary Liquidation) |
| 24. | 19-cv-4168 | Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al. | SG Private Banking (Suisse) SA |
| 25. | 19-cv-4173 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Institutional Trust Services (Asia) Limited | HSBC Institutional Trust Services (Asia) Limited |
| 26. | 19-cv-4178 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse International | Credit Suisse International |
| 27. | 19-cv-4188 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Atlantico Gibraltar Ltd., et al. | Banco Atlantico Gibraltar Ltd. a/k/a EFG Bank (Gibraltar) Ltd. |
| 28. | 19-cv-4188 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Atlantico Gibraltar Ltd., et al. | European Financial Group EFG S.A. a/k/a European Financial Group EFG (Luxembourg) S.A. |
| 29. | 19-cv-4203 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ZCM Asset Holding Company (Bermuda) Limited, et al. | Standard Chartered Premium Fund, f/k/a American Express Offshore Alternative Investment Fund |
| 30. | 19-cv-4219 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombard Odier Darier Hentsch & Cie | Lombard Odier Darier Hentsch & Cie |
| 31. | 19-cv-4225 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al. | SG Hambros Nominees (Jersey) |
| 32. | 19-cv-4225 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al. | SG Hambros Bank (Channel Islands) Limited - Guernsey |

| 33. | 19-cv-4225 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al. | Hambros Guernsey Nominees |
| 34. | 19-cv-4225 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al. | SG Hambros Bank & Trust (Guernsey) Ltd. |
| 35. | 19-cv-4254 | Fairfield Sentry Ltd. (In Liquidation), et al. v. EFG Bank | EFG Bank a/k/a EFG Bank AG and/or EFG Bank SA |
| 36. | 19-cv-4257 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al. | Murdoch and Company |
| 37. | 19-cv-4257 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al. | Robinson and Company |
| 38. | 19-cv-4261 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Private Banking Nom. | Republic Nominees Limited f/k/a HSBC Private Banking Nominee 1 (Jersey) Limited |
| 39. | 19-cv-4262 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al. | HSBC Private Bank (C.I.) Limited f/k/a HSBC Private Bank (Guernsey) Limited |
| 40. | 19-cv-4262 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al. | HSBC Private Bank (C.I.) Limited |
| 41. | 19-cv-4262 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al. | Republic Nominees Limited |
| 42. | 19-cv-4263 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Andbanc Andorra | ANDBanc Andorra a/k/a Andorra Banc Agricol Reig, S.A. |
| 43. | 19-cv-4265 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ING Bank (Suisse) SA | ING Bank (Suisse) SA, as predecessor to Bank Julius Baer & Co. Ltd. |
| 44. | 19-cv-4267 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank (Switzerland) AG, et al. | Citibank (Switzerland) AG |
| 45. | 19-cv-4268 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Sumitomo Trust & Banking Co., Ltd. | Sumitomo Trust & Banking Co., Ltd. |
| 46. | 19-cv-4274 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis Private Banking International SA | Natixis Wealth Management Luxembourg f/k/a Natixis Private Banking International S.A. |
| 47. | 19-cv-4285 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al. | Sciens Global Opportunity Fund |
| 48. | 19-cv-4285 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al. | Sciens CFO 1 Feeder Fund Ltd. |
| 49. | 19-cv-4285 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al. | Odyssey Alternative Fund Limited |
| 50. | 19-cv-4317 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Celfin International Limited | Celfin International Limited n/k/a BTG Pactual (Cayman) International Holding Limited |

| 51. | 19-cv-4319 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Arden International Capital Limited | Arden International Capital Limited |
|---|---|---|---|
| 52. | 19-cv-4324 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bordier & Cie | Bordier & Cie |
| 53. | 19-cv-4359 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Blubank Limited | Blubank Ltd. n/k/a Inteligo Bank Ltd. |
| 54. | 19-cv-4364 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa Luxembourg S.A., et al. | Banco Itau Europa Luxembourg SA |
| 55. | 19-cv-4365 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/CBESSA | FS/CBESSA a/k/a Banque Privee Espirito Santo SA f/k/a Compagnie Bancaire Espirito Santo SA |
| 56. | 19-cv-4367 | Fairfield Sentry Ltd. (In Liquidation), et al. v. SNS Global Custody B.V. | SNS Global Custody B.V. |
| 57. | 19-cv-4369 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Pictet & Cie | Pictet & Cie |
| 58. | 19-cv-4379 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Wall Street Securities S.A. | Wall Street Securities f/k/a Bantal Brothers SA |
| 59. | 19-cv-4381 | Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al. | SG Private Banking (Suisse) SA |
| 60. | 19-cv-4382 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Monte Paschi Ireland Ltd. | Monte Paschi Ireland Limited |
| 61. | 19-cv-4384 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Nomura International PLC | Nomura International PLC |
| 62. | 19-cv-4388 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch International | Merrill Lynch International |
| 63. | 19-cv-4416 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Stichting Stroeve Global Custody | FS Stichting Stroeve Global |
| 64. | 19-cv-4418 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited, et al. | HSBC Bank Bermuda Limited |
| 65. | 19-cv-4418 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited, et al. | Somers Nominees (Far East) Limited |
| 66. | 19-cv-4420 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Inversis SA | Banco Inversis S.A. |
| 67. | 19-cv-4424 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bureau of Labor Insurance | Bureau of Labor Insurance |
| 68. | 19-cv-4428 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Multi-Strategy Fund Limited | Multi-Strategy Fund Limited |
| 69. | 19-cv-4431 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Cathay Life Insurance Co. LTD. | Cathay Life Insurance Co. Ltd. |
| 70. | 19-cv-4432 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia BIL, et al. | Candriam World Alternative f/k/a Dexia World Alternative |
| 71. | 19-cv-4437 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Rahn & Bodmer Banquiers | Rahn & Bodmer Banquiers n/k/a Rahn+Bodmer Co. |
| 72. | 19-cv-4441 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust (Luxembourg), et al. | AAAm, S.A. |

| 73. | 19-cv-4441 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust (Luxembourg), et al. | Societe Generale Bank & Trust (Luxembourg) |
|---|---|---|---|
| 74. | 19-cv-4446 | Fairfield Sentry Ltd. (In Liquidation) et al. v. BIE Bank & Trust Bahamas Ltd. | Itaú Bank & Trust Bahamas Ltd. (sued as BIE Bank & Trust Bahamas Ltd.) |
| 75. | 19-cv-4459 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al. | Crèdit Andorrà / Crediinvest (not a juridicial entity) |
| 76. | 19-cv-4475 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Natexis Banques Populaires, et al. | Natixis S.A. f/k/a Natexis Banques Populaires |
| 77. | 19-cv-4479 | Fairfield Sentry Ltd. (In Liquidation), et al. v. All Funds Bank, et al. | AllFunds Bank |
| 78. | 19-cv-4479 | Fairfield Sentry Ltd. (In Liquidation), et al. v. All Funds Bank, et al. | NMAS1 Gestion SGIIC S.A. |
| 79. | 19-cv-4483 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al. | HSBC Trust Company AG f/k/a HSBC Guyerzeller Trust Company AG |
| 80. | 19-cv-4483 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al | Stanhope Capital (Switzerland) SA sued incorrectly herein as Stanhope Capital |
| 81. | 19-cv-4484 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Citivic Nominees Limited, et al. | Citivic Nominees Limited |
| 82. | 19-cv-4495 | Fairfield Sentry Ltd. (In Liquidation) et al. v. Credit Suisse Nominees, et al. | Credit Suisse Gibraltar Limited |
| 83. | 19-cv-4495 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al. | Credit Suisse Nominees a/k/a Credit Suisse Nominees (Guernsey) Limited A/C Gib |
| 84. | 19-cv-4498 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Eduardo Fernandez de Valderrama Murillo | Eduardo Fernandez de Valderrama Murillo |
| 85. | 19-cv-4500 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BGL BNP Paribas S.A, et al. | BGL BNP Paribas S.A. (f/k/a FS/Fortis Banque Luxembourg) |
| 86. | 19-cv-4500 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BGL BNP Paribas S.A., et al. | Banque Generale du Luxembourg (n/k/a BGL BNP Paribas S.A.) |
| 87. | 19-cv-4501 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Zurich/Shares | FS/BBVA Zurich/Shares |
| 88. | 19-cv-4502 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse AG Nassau Branch Wealth Management | Credit Suisse AG Nassau Branch Wealth Management |
| 89. | 19-cv-4515 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Israel Discount Bank, Limited, Tel Aviv | Israel Discount Bank, Limited, Tel Aviv |
| 90. | 19-cv-4533 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Pleasant T. Rowland Foundation Inc. | Pleasant T. Rowland Foundation Inc. |
| 91. | 19-cv-4535 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Netherland NV, et al. | IDF Global Fund |

| 92. | 19-cv-4535 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Nederland NV, et al. | ABN AMRO Bank N.V. f/k/a Fortis Bank Nederland N.V. |
|---|---|---|---|
| 93. | 19-cv-4536 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Societe Europeenne de Banque S.A. | Intesa Sanpaolo Bank Luxembourg SA f/k/a Société Européenne de Banque S.A. |
| 94. | 19-cv-4539 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBP Titres | Natixis S.A., of which EuroTitres (incorrectly named in the complaint as "NBP Titres") is a division |
| 95. | 19-cv-4546 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole (Suisse) SA | Credit Agricole (Suisse) SA |
| 96. | 19-cv-4547 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Naidot & Co., et al. | Bessemer Trust Company |
| 97. | 19-cv-4547 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Naidot & Co., et al. | Naidot & Co. |
| 98. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | Lion Global Investors f/k/a/ Lion Fairfield Capital Management |
| 99. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | GE Brunei Life Ins FD - Lion Capital Balanced (330008) |
| 100. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | GE Life, GE Life Sharholders FD - Lion Capital FI (330007) |
| 101. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | GE Truste Pte Ltd. - Lion Capital - SCND |
| 102. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | Shareholders Fund - SCMS |
| 103. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | GE Life S Pore LI INV FD PAR SLAM (FI) |
| 104. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | SCND Life INS Fund PAR FI SLAM |
| 105. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | GE Life S PORE LI INV FD PAR SLAM FL |
| 106. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | GE Brunei Life INS FD SLAM Balanced |
| 107. | 19-cv-4549 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Invs. f/k/a Lion Fairfield Capital Management, et al | GE Life Shareholders FD SLAM FL |
| 108. | 19-cv-4552 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V., et al. | Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V. |
| 109. | 19-cv-4561 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/AEB Lux, et al. | Standard Chartered Bank, f/k/a American Express Bank (London) |
| 110. | 19-cv-4567 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque SCS Alliance SA | Banque SCS Alliance SA n/k/a Compagnie Bancaire Helvetique SA |
| 111. | 19-cv-4569 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Avalon Absolute Return Funds PLC, et al. | Avalon Absolute Return Funds PLC |

| 112. | 19-cv-4570 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives | Mirabaud & Cie SA (f/k/a Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives) |
|---|---|---|---|
| 113. | 19-cv-4571 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deltec Bank & Trust Limited | Deltec Bank & Trust Ltd. |
| 114. | 19-cv-4573 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Kas Bank, et al. | KAS BANK N.V. (sued as Kas Bank) |
| 115. | 19-cv-4573 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Kas Bank, et al. | KAS Depositary Trust Company a/k/a KAS BANK Effectenbewaarbedrijf N.V. (sued as KAS Depositary Trust Co.) |
| 116. | 19-cv-4585 | Fairfield Sentry Limited, et al. v. Simgest SpA | Simgest SpA |
| 117. | 19-cv-4603 | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al. | BP Alpha S.A. n/k/a BP Alpha (Agente De Valores S.A.) |
| 118. | 19-cv-4603 | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al. | UBS Fund Services (Ireland) Ltd. n/k/a MUFG Alternative Fund Services (Ireland) Limited |
| 119. | 19-cv-4603 | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al. | UBS AG |
| 120. | 19-cv-4604 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank (Suisse) SA | Barclays Bank (Suisse) SA |
| 121. | 19-cv-4607 | Fairfield Sigma Ltd. (In Liquidation), et al. v. FS/LAB/AXA PM | Architas f/k/a AXA Private Management |
| 122. | 19-cv-4608 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees (Guernsey) Limited | Credit Suisse Nominees (Guernsey) Limited |
| 123. | 19-cv-4610 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al. | Societe Generale Bank & Trust (Luxembourg) |
| 124. | 19-cv-4610 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al. | Oval Alpha Palmares |
| 125. | 19-cv-4610 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al. | Palmares Europlus |
| 126. | 19-cv-4611 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fullerton Capital PTE, Ltd. | Fullerton Capital PTE, Ltd. |
| 127. | 19-cv-4620 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Arden Endowment Advisers Limited., et al. | Arden Endowment Advisers, Ltd. |
| 128. | 19-cv-4620 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Arden Endowment Advisers Limited, et al. | Arden Asset Management, Inc. |
| 129. | 19-cv-4624 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Nederland NV, et al. | ABN AMRO Bank N.V. f/k/a Fortis Bank (Nederland) N.V. |
| 130. | 19-cv-4624 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Nederland NV, et al. | Sempervirens Capital Management Limited Class E-F Fund |
| 131. | 19-cv-4627 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Tayleigh Trust Co. Ltd., et al. | Tayleigh Trust Company Limited; the Reserve |

| | | | Trust (Tayleigh or Samantha Sackler) |
|---|---|---|---|
| 132. | 19-cv-4657 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al. | Melrose Investments Ltd. |
| 133. | 19-cv-4657 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al. | Caliber Investments Ltd. |
| 134. | 19-cv-4660 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Grand Cathay Securities (Hong Kong) Limited | KGI Asia Limited (successor- in-interest to Grand Cathay Securities (Hong Kong) Limited) |
| 135. | 19-cv-4668 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis | Natixis S.A. (in its own capacity and as successor-in- interest to IXIS Corporate & Investment Bank) |
| 136. | 19-cv-4768 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Catalunya Caixa | Catalunya Caixa f/k/a Caixa Catalunya a/k/a Caixa D'Estalvis de Catalunya |
| 137. | 19-cv-4691 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SG Private Banking (Lugano-Svizzera) SA | FS/SG Private Banking (Lugano-Svizzera) SA a/k/a FS/SG Private Banking Suisse SA |
| 138. | 19-cv-4741 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bipielle Banke (Suisse) | Bipielle Bank (Suisse) in Liquidation (sued as Bipielle Banke (Suisse)) |
| 139. | 19-cv-4742 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Parson Finance Panama SA | Parson Finance Panama SA |
| 140. | 19-cv-4744 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa International | Banco Itaú International f/k/a Banco Itaú Europa International |
| 141. | 19-cv-4765 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Investec Bank (Switzerland) AG | Investec Bank (Switzerland) AG |
| 142. | 19-cv-4766 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nassau Branch Wealth Management | Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited |
| 143. | 19-cv-4771 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/GSCO London, et al. | FS/GSCO London |
| 144. | 19-cv-4771 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/GSCO London, et al. | FS/GSCO New York |
| 145. | 19-cv-4772 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Millennium Multi-Strategy Fund, et al. | Millennium Multi-Strategy Fund |
| 146. | 19-cv-4772 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Millennium Multi-Strategy Fund, et al. | SEI Investments Trustee and Custodial Services (Ireland) Ltd. |
| 147. | 19-cv-4773 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Private Bank & Trust (Channel Islands) Limited | Zedra Trust Company (Jersey) Limited, named herein as Barclays Private Bank & Trust (Channel Islands) Limited |

| 148. | 19-cv-04779 | Fairfield Sentry Ltd. (In Liquidation), et al. v. BRED Banque Populaire | BRED Banque Populaire |
|---|---|---|---|
| 149. | 19-cv-04789 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Centre College | Centre College |
| 150. | 19-cv-4806 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al. | Schroder & Co. (Asia) Ltd. |
| 151. | 19-cv-4806 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al. | Perenco SA |
| 152. | 19-cv-4813 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of America National Trust and Savings Association | Bank of America National Trust and Savings Association |
| 153. | 19-cv-4818 | Fairfield Sigma Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al. | FS Oddo & Cie |
| 154. | 19-cv-4818 | Fairfield Sigma Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al. | OAM |
| 155. | 19-cv-4825 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al. | CACEIS Bank Luxembourg |
| 156. | 19-cv-4825 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al. | Natixis S.A. and its predecessors in interest as the owner/operator of certain accounts named as defendants |
| 157. | 19-cv-4853 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Degroof Petercam Luxembourg S.A., et al. | Banque Degroof Petercam Luxembourg S.A. |
| 158. | 19-cv-4853 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Degroof Petercam Luxembourg S.A., et al. | Fidessa Alpha Fund |
| 159. | 19-cv-4864 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Banca Popolare dell'Alto Adige Soc. Coop. Resp. Lim., et al. | Banca Popolare dell'Alto Adige S.p.A. |
| 160. | 19-cv-4865 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Retained Nominees (IOM) Limited, et al. | Platinum All Weather Fund Limited |
| 161. | 19-cv-4865 | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Retained Nominees (IOM) Limited., et al. | ABN AMRO Retained Nominees (IOM) Limited |
| 162. | 19-cv-4882 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Bank (Suisse) SA | Merrill Lynch Bank (Suisse) SA |
| 163. | 19-cv-4782 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim BM, London, et al. | Bank Hapoalim B.M., London |
| 164. | 19-cv-4785 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Chelsea Trust Co., Ltd., et al. | Chelsea Trust Company Limited; Karen Lefcourt Trust |
| 165. | 19-cv-4930 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Clarks Fork Foundation | Clarks Fork Foundation |
| 166. | 19-cv-4933 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Baring Brothers Sturdza SA | Banque Baring Brothers Sturdza SA |
| 167. | 19-cv-4934 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Bank Leumi Israel | FS/Bank Leumi Israel |
| 168. | 19-cv-4941 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Delta S.P.A., et al. | Delta S.P.A. |
| 169. | 19-cv-04944 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Public Bank (Hong Kong) Limited | Public Bank (Hong Kong) Limited |

| 170. | 19-cv-04944 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Public Bank (Hong Kong) Limited | Public Bank Nominees Limited |
| 171. | 19-cv-4962 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hinduja Bank (Switzerland) SA, et al. | Hinduja Bank (Switzerland) SA f/k/a Amas Bank (Switzerland) Ltd., and Banca Commerciale Lugano |
| 172. | 19-cv-4963 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Havilland S.A. | Banque Havilland S.A. f/k/a Banco Popolare Di Verona E Novara Luxembourg S.A. |
| 173. | 19-cv-4965 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Jared Trading Limited/BVI, et al. | Jared Trading Limited/BVI |
| 174. | 19-cv-4967 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank SA Madrid et al. | CaixaBank, S.A., named herein as Barclays Bank SA Madrid |
| 175. | 19-cv-4985 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities (Panama) SA, et al. | HSBC Latin America Holdings (UK) Limited (successor-in- interest to HSBC Securities (Panama) S.A.) |
| 176. | 19-cv-4988 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hontai Life Insurance Company Limited | Hontai Life Insurance Company Limited |
| 177. | 19-cv-4989 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Graziela Strina de Toledo Arruda and Luisa M. Strina | Graziela Strina de Toledo Arruda |
| 178. | 19-cv-4990 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Schroders Italy SIM SPA, et al. | Schroders Italy SIM SpA |
| 179. | 19-cv-4991 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Kredietbank SA Luxembourgeoise, et al. | Clearstream Banking SA |
| 180. | 19-cv-4991 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Kredietbank SA Luxembourgeoise, et al. | KBL European Private Bankers S.A. f/k/a Kreidietbank SA Luxembourgeoise |
| 181. | 19-cv-4994 | Fairfield Sigma Ltd. (In Liquidation), et al. v. Banca Profilo SPA | Banca Profilo SpA |
| 182. | 19-cv-4995 | Fairfield Sentry Ltd. (In Liquidation), et al. v. CACEIS Bank EX IXIS IS, et al. | CACEIS Bank EX IXIS IS |
| 183. | 19-cv-4995 | Fairfield Sentry Ltd. (In Liquidation), et al. v. CACEIS Bank EX IXIS IS, et al. | VEGA Investment Managers f/k/a IXIS Private Capital Management ("IPCM") |
| 184. | 19-cv-4998 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA | Credit Suisse (Luxembourg) SA |
| 185. | 19-cv-5019 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco General SA Banca Privada | Banco General SA Banca Privada |
| 186. | 19-cv-5020 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Dreadnought Finance OY | Dreadnought Finance OY |
| 187. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Credit Agricole (Miami) |

| 188. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Credit Lyonnais Miami n/k/a LCL-LE Credit Lyonnais S.A. Miami |
| 189. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Credit Lyonnais n/k/a LCLLE Credit Lyonnais SA |
| 190. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Credit Lyonnais SA |
| 191. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Brown Brothers Harriman & Co |
| 192. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Fox Nominees, LLC |
| 193. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Blush Nominees, LLC |
| 194. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | SCB Nominees (CI) Ltd. |
| 195. | 19-cv-5023 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau International, et al. | Banco Itaú International f/k/a Bank Boston International Florida |
| 196. | 19-cv-5024 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC International Trustee Limited | HSBC International Trustee Limited |
| 197. | 19-cv-5030 | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al. | UBS Fund Services (Cayman) Limited n/k/a MUFG Alternative Fund Services (Cayman) Limited |
| 198. | 19-cv-5030 | Fairfield Sentry Ltd. (In Liquidation), et al. v. DGAM Alternative Strategy Fund II, SPC - Cell A, et al. | The Legacy Fund |
| 199. | 19-cv-5030 | Fairfield Sentry Ltd. (In Liquidation), et al. v. DGAM Alternative Strategy Fund II, SPC - Cell A, et al. | DGAM Alternative Strategy Fund II, SPC – Cell A |
| 200. | 19-cv-5030 | Fairfield Sentry Ltd. (In Liquidation), et al. v. DGAM Alternative Strategy Fund II, SPC - Cell A, et al. | DGAM Alternative Strategy Fund II, SPC – Cell B |
| 201. | 19-cv-5030 | Fairfield Sentry Ltd. (In Liquidation), et al. v. DGAM Alternative Strategy Fund II, SPC - Cell A, et al. | DGAM Alternative Strategy Fund L.P. |
| 202. | 19-cv-5030 | Fairfield Sentry Ltd. (In Liquidation), et al. v. DGAM Alternative Strategy Fund II, SPC - Cell A, et al. | DGAM Asset Allocation Fund L.P. |
| 203. | 19-cv-5033 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hansard Europe Ltd | Hansard Europe DAC (sued as Hansard Europe Ltd.) |
| 204. | 19-cv-5035 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Julius Baer and Co. Ltd., Zurich | Bank Julius Baer & Co. Ltd. |
| 205. | 19-cv-5040 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sarasin & Cie | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie |
| 206. | 19-cv-5044 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. Bank AG | Schroder & Co. Bank AG |
| 207. | 19-cv-5054 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Clearstream Banking SA | Clearstream Banking SA |

| 208. | 19-cv-5056 | Fairfield Sentry Ltd. (In Liquidation), et al. v. John E. Niederhuber IRA | John E. Niederhuber IRA |
|---|---|---|---|
| 209. | 19-cv-5057 | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BK Hapoalim/BM Tel Aviv, et al. | Bank Hapoalim B.M. |
| 210. | 19-cv-5106 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Don Chimango SA, et al. | Cititrust (Bahamas) Limited |
| 211. | 19-cv-5107 | Fairfield Sentry Ltd. (In Liquidation), et al. v. CPR Online, et al. | CPR Online |
| 212. | 19-cv-5107 | Fairfield Sentry Ltd. (In Liquidation), et al. v. CPR Online, et al. | Credit Agricole Titres |
| 213. | 19-cv-5110 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Unicorp Bank & Trust Limited | Itaú Bank & Trust Cayman, Ltd. f/k/a Unicorp Bank & Trust Ltd. |
| 214. | 19-cv-5112 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hua Nan Commercial Bank | Hua Nan Commercial Bank, Ltd. |
| 215. | 19-cv-5115 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Kasbank Effecten Bewaarbedrijf N.V. | KAS Depositary Trust Company a/k/a KAS BANK Effectenbewaarbedrijf N.V. |
| 216. | 19-cv-5117 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services NV | ABN AMRO Global Custody Services N.V. (sued as Fortis Global Custody Services NV) |
| 217. | 19-cv-5118 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Atlantic Security Bank | Atlantic Security Bank |
| 218. | 19-cv-5119 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Liongate Multistrategy Fund SEG Portfolio | Liongate Multistrategy Fund SEG Portfolio |
| 219. | 19-cv-5125 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Theodoor GGC Amsterdam | Theodoor GGC Amsterdam |
| 220. | 19-cv-5126 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Dresdner Lateinamerika AG, et al. | UBS Deutschland AG n/k/a UBS Europe SE |
| 221. | 19-cv-5126 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Dresdner Lateinamerika AG, et al. | Dresdner Lateinamerika AG |
| 222. | 19-cv-5130 | Fairfield Sentry Ltd. (In Liquidation), et al. v. CDC IXIS | CDC IXIS |
| 223. | 19-cv-5131 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Global Fund Porvenir | Global Fund Porvenir |
| 224. | 19-cv-5132 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Nominees (IOM) Limited. | Banco Nominees 2 (Guernsey) Limited f/k/a Banco Nominees (IOM) Limited |
| 225. | 19-cv-5135 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Market Co., et al. | Merrill Lynch Bank |
| 226. | 19-cv-5135 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Bank USA, et al. | Safra National Bank of New York |
| 227. | 19-cv-5142 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banc of America Securities LLC | Banc of America Securities LLC |

| 228. | 19-cv-5143 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sarasin & Cie AG | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie |
|---|---|---|---|
| 229. | 19-cv-5153 | Fairfield Sentry Ltd. (In Liquidation), et al. v. CAIS Bank, et al. | CAIS Bank |
| 230. | 19-cv-5153 | Fairfield Sentry Ltd. (In Liquidation), et al. v. CAIS Bank, et al. | Calyon Paris |
| 231. | 19-cv-5154 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Cayman Limited | ABN AMRO Retained Services (Cayman) Limited (sued as Fortis Bank Cayman Limited n/k/a ABN AMRO Fund Services Bank (Cayman) Limited) |
| 232. | 19-cv-5220 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSH Nordbank Securities S.A., et al. | HSH Nordbank Securities S.A. |
| 233. | 19-cv-5220 | Fairfield Sentry Ltd. (In Liquidation), et al. v. HSH Nordbank Securities S.A., et al. | Wegelin & Company |
| 234. | 19-cv-5223 | Fairfield Sentry Ltd. (In Liquidation), et al. v. First Gulf Bank | First Gulf Bank |
| 235. | 19-cv-5228 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Select Absolute Strategies SICAV | NN Investment Partners B.V. (sued as Select Absolute Strategies SICAV) |
| 236. | 19-cv-5237 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Rothschild & Cie Banque Paris | Rothschild et Cie Banque Paris |
| 237. | 19-cv-5241 | Fairfield Sentry Ltd. (In Liquidation), et al. v. Kasbank Depositary Trust Company Conc Theta Multistar Low Volatility Fund | KAS Depositary Trust Company a/k/a KAS BANK Effectenbewaarbedrijf N.V. (sued as KASBANK Depositary Trust Company Conc Theta Multistar Low Volatility Fund a/k/a KDTC Conc Theta Multistar Low Volatility Fund) |

# Appendix C

Appendix C
Additional Counsel

**AKERMAN LLP**

David W. Parham
(david.parham@akerman.com)
Scott D. Lawrence
(scott.lawrence@akerman.com)

2001 Ross Avenue
Suite 2550
Dallas, TX 75201
(214) 720-4300

**ALLEGAERT BERGER &
VOGEL LLP**

John F. Zulack
(jzulack@abv.com)
Christopher Allegaert
(callegaert@abv.com)

111 Broadway, 20th Floor
New York, NY 10006
(212) 571-0550

**ALLEN & OVERY LLP**

Laura Hall
(laura.hall@allenovery.com)
Jonathan Cho
(jonathan.cho@allenovery.com)

1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

**ARCHER & GREINER, P.C.**

Gerard DiConza
(gdiconza@archerlaw.com)

630 Third Avenue,
New York, NY 10017
(212) 682-4940

**ARNOLD & PORTER KAYE
SCHOLER LLP**

Kent Yalowitz
(kent.yalowitz@arnoldporter.com)
Daniel Bernstein
(daniel.bernstein@arnoldporter.com)

250 West 55th Street
New York, NY 10019
(212) 836-8000

**ARNOLD & PORTER KAYE
SCHOLER LLP**

Scott B. Schreiber
(scott.schreiber@arnoldporter.com)
Rosa J. Evergreen
(rosa.evergreen@arnoldporter.com)

601 Massachusetts Ave. NW
Washington, DC 20001-3743
(202) 942-5000

**BAKER & MCKENZIE LLP**

Jacob Kaplan
(jacob.kaplan@bakermckenzie.c
om)
L Andrew S. Riccio
(andrew.riccio@bakermckenzie.c
om)
Charles Cummings
(charles.cummings@bakermcken
zie.com)

452 Fifth Avenue
New York, New York 10018
(212) 626-4100

2

**BAST AMRON LLP**

Jeffrey P. Bast
(jbast@bastamron.com)
Jaime B. Leggett
(jleggett@bastamron.com)

1 SE 3rd Avenue, Suite 1400
Miami, FL 33131
(305) 379-7904

**BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP**

Zeb Landsman
(zlandsman@beckerglynn.com)
Jordan Stern
(jstern@beckerglynn.com)

299 Park Avenue
New York, New York  10171
(212) 888-3033

**BEYS LISTON &
MOBARGHA LLP**

Joshua D. Liston
(jliston@blmllp.com)
Michael P. Beys
(mbeys@blmllp.com)

641 Lexington Avenue, 14th
Floor,
New York, NY 10022
(646) 755-3601

**BOIES SCHILLER
FLEXNER LLP**

Alan B. Vickery
(avickery@bsfllp.com)
Jack G. Stern
(jstern@bsfllp.com)
Nafees Syed
(nsyed@bsfllp.com)

55 Hudson Yards
New York, NY 10001
(212) 446-2300

**BOND, SCHOENECK &
KING, PLLC**

Brian J. Butler
(bbutler@bsk.com)
Sara C. Temes
(stemes@bsk.com)

One Lincoln Center,
Syracuse, New York 13224
(315) 218-8000

**BUTZEL LONG, P.C.**

Joshua E. Abraham
(abraham@butzel.com)

477 Madison Avenue, Suite 1230
New York, NY 10022
(212) 374-5370

**CADWALADER,
WICKERSHAM & TAFT LLP**

Howard R. Hawkins, Jr.
(howard.hawkins@cwt.com)

200 Liberty Street
New York, NY 10281
(212) 504-6000

**CHAFFETZ LINDSEY LLP**

Andreas A. Frischknecht
(a.frischknecht@chaffetzlindsey.com)
Erin Valentine
(erin.valentine@chaffetzlindsey.com)

1700 Broadway, 33rd Floor
New York, NY 10019
(212) 257-6960

**CHALOS & CO, P.C.**

George M. Chalos
(gmc@chaloslaw.com)
Briton P. Sparkman
(bsparkman@chaloslaw.com)

55 Hamilton Avenue
Oyster Bay, NY 11771
(516) 714-4300

**CHIDATMA LEX GROUP**

Dwight Yellen
(Dwight@clglex.com)

205 Hudson Street -7th Floor
New York, New York 10013
(212) 903-4546

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

Lisa Vicens
(evicens@cgsh.com)
Benjamin S. Beller
(bbeller@cgsh.com)

One Liberty Plaza
New York, NY 10006
(212) 225-2000

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

Nowell D. Bamberger
(nbamberger@cgsh.com)

2112 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 974-1500

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

Breon S. Peace
(bpeace@cgsh.com)
Ari D. MacKinnon
(amackinnon@cgsh.com)

One Liberty Plaza
New York, NY 10006
(212) 225-2000

**CLIFFORD CHANCE US LLP**

Jeff E. Butler
(jeff.butler@cliffordchance.com)

31 West 52nd Street
New York, NY 10019
(212) 878-8000

**COHEN & GRESSER LLP**

Daniel H. Tabak
(dtabak@cohengresser.com)

800 Third Avenue, Fl. 21,
New York, NY 10022
(212) 957-7600

**COOLEY LLP**

Ian Shapiro
(ishapiro@cooley.com)

55 Hudson Yards
New York, NY10001
(212) 479-6000

**DAVIS & GILBERT LLP**

Joseph Cioffi
(jcioffi@dglaw.com)
Bruce Ginsberg
(bginsberg@dglaw.com)
H. Seiji Newman
(hsnewman@dglaw.com)

1740 Broadway
New York, NY 10019
(212) 468-4800

**DAVIS POLK &
WARDWELL LLP**

Elliot Moskowitz
(elliot.moskowitz@davispolk.co
m)
Andrew Ditchfield
(andrew.ditchfield@davispolk.co
m)

450 Lexington Avenue
New York, NY 10017
(212) 450-4000

**DEBEVOISE & PLIMPTON LLP**

Erica S. Weisgerber
eweisgerber@debevoise.com
Shannon R. Selden
srselden@debevoise.com

919 Third Avenue
New York, New York 10022
(212) 909-6000


**DEBEVOISE & PLIMPTON LLP**
Jyotin Hamid
(jhamid@debevoise.com)
Sandy D. Tomasik
(stomasik@debevoise.com)

919 Third Avenue
New York, New York 10022
(212) 909-6000

**DECHERT LLP**

Gary J. Mennitt
(gary.mennitt@dechert.om)

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3831

**DENTONS US LLP**

Fred W. Reinke
(fred.reinke@dentons.com)

1900 K Street NW
Washington, DC 20006
(202) 496-7160

**DLA PIPER LLP (US)**

Rachel Ehrlich Albanese
(Rachel.Albanese@us.dlapiper.com)
Cherelle Glimp
(Cherelle.Glimp@us.dlapiper.com)

1251 Avenue of the Americas
New York, New York 10020-1104
(212) 335-4500

**FOLEY & LARDNER LLP**

Katherine R. Catanese
(kcatanese@foley.com)

90 Park Avenue
New York, New York 10016
(212) 338-3496

**FOX HORAN & CAMERINI LLP**

William M. Brodsky
(wmbrodsky@foxlex.com)

885 Third Avenue, 17th Floor
New York, New York 10022
(212) 480-4800

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**

David M. Morris
(david.morris@friedfrank.com)

One New York Plaza
New York, NY 10004
(212) 859-8000

9

**FRIEDMAN KAPLAN
SEILER & ADELMAN LLP**

Robert J. Lack
(rlack@fklaw.com)
Alexander D. Levi
(alevi@fklaw.com)

7 Times Square,
New York, NY 10036-6516
(212) 833-1100

**FRIEDMAN KAPLAN
SEILER & ADELMAN LLP**

Bruce S. Kaplan
(bkaplan@fklaw.com)
Jeffrey C. Fourmaux
(jfourmaux@fklaw.com)

7 Times Square,
New York, NY 10036-6516
(212) 833-1100

**FROST BROWN TODD LLC**

Douglas L. Lutz
(dlutz@fbtlaw.com)

Great American Tower
301 East Fourth Street,
Suite 3300
Cincinnati, Ohio 45202
(513) 651-6724

**GIBSON, DUNN &
CRUTCHER LLP**

Marshall R. King
(mking@gibsondunn.com)
Gabriel Herrmann
(gherrmann@gibsondunn.com)

200 Park Avenue,
New York, NY 10166
(212) 351-4000

**GILMARTIN, POSTER & SHAFTO LLP**

Michael C. Lambert
(mclambert@lawpost-nyc.com)

845 Third Avenue, 17th Floor
New York, NY 10022
(212) 425-3220

**GOODWIN PROCTER LLP**

William Weintraub
(wweintraub@goodwinlaw.com)
Gregory Fox
(gfox@goodwinlaw.com)

620 Eighth Avenue
New York, New York 10018
(212) 813-8800

**GOODWIN PROCTER LLP**

Anne E. Railton
(arailton@goodwinlaw.com)
Valerie A. Haggans
(vhaggans@goodwinlaw.com)
Courtney Orazio
(corazio@goodwinlaw.com)
Gregory W. Fox
(gfox@goodwinlaw.com)

620 Eighth Avenue
New York, New York 10018
(212) 813-8800

**HARNIK LAW FIRM**

Stephen M. Harnik
(stephen@harnik.com)

666 Third Avenue, 10th Floor
New York, NY 10017
(212) 599-7575

**HERBERT SMITH
FREEHILLS NEW YORK
LLP**

Scott S. Balber
(scott.balber@hsf.com)
Jonathan Cross
(jonathan.cross@hsf.com)

450 Lexington Avenue
New York, NY 10017
(917) 542 7600

**HOGAN LOVELLS US LLP**

Marc J. Gottridge
(marc.gottridge@hoganlovells.com)
Andrew M. Harris
(andrew.harris@hoganlovells.com)

390 Madison Avenue
New York, NY 10017
(212) 918-3000

**HOGAN LOVELLS US LLP**

Lisa J. Fried
(lisa.fried@hoganlovells.com)
Benjamin A. Fleming
(benjamin.fleming@hoganlovells.com)

390 Madison Avenue
New York, NY 10017
(212) 918-3000

**HUGHES HUBBARD &
REED LLP**

Christopher K. Kiplok
(chris.kiplok@hugheshubbard.com)
Jeffrey S. Margolin
(jeff.margolin@hugheshubbard.com)

**HUNTON ANDREWS
KURTH LLP**

Robert A. Rich
(rrich2@HuntonAK.com)

200 Park Avenue, 52nd Floor
New York, New York 10166
(212) 309-1000

**HUNTON ANDREWS
KURTH LLP**

Joseph P. Rovira
(josephrovira@huntonak.com)

600 Travis, Suite 4200,
Houston, Texas 77002
(713) 220-4609

**JENNER & BLOCK LLP**

Richard Levin
(rlevin@jenner.com)
Carl Wedoff
(cwedoff@jenner.com)

919 Third Avenue
New York, NY 10022
(212) 891-1600

13

**KASOWITZ BENSON
TORRES LLP**

David J. Mark
(dmark@kasowitz.com)

1633 Broadway,
New York, New York 10019
(212) 506-1700

**KATTEN MUCHIN
ROSENMAN LLP**

Anthony L. Paccione
(anthony.paccione@kattenlaw.co
m)
Mark T. Ciani

575 Madison Avenue
New York, NY 10022
(212) 940-8800

**KELLNER HERLIHY
GETTY & FRIEDMAN LLP**

Douglas A. Kellner
(dak@khgflaw.com)

470 Park Avenue South, 7th
Floor
New York, NY 10016
(212) 889-2121

**KING & SPALDING LLP**

Richard A. Cirillo
(rcirillo@kslaw.com)

1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100

**KLEINBERG, KAPLAN,
WOLFF & COHEN, P.C.**

Norris D. Wolff
(nwolff@kkwc.com)

551 Fifth Avenue, 18th Floor
New York, New York  10176
(212) 986-6000

**KOBRE & KIM LLP**

Jonathan D. Cogan
(jonathan.cogan@kobrekim.com)

800 Third Avenue
New York, New York 10022
(212) 488-1200

**KOBRE & KIM LLP**

D. Farrington Yates
(farrington.yates@kobrekim.com
)
Adam M. Lavine
(adam.lavine@kobrekim.com)
Donna Xu
(donna.xu@kobrekim.com)

800 Third Avenue
New York, New York 10022
(212) 488-1200

**LATHAM & WATKINS LLP**

Christopher R. Harris
(christopher.harris@lw.com)

885 Third Avenue
New York, NY 10022
(212) 906-1200

**LAW OFFICE OF MARTIN
MUSHKIN LLC**

Martin Mushkin
(mmushkin@mushkinlaw.com)

1100 Summer St. 3rd Floor
Stamford, CT 06905
(203) 252-2357

**LINKLATERS LLP**

James R. Warnot, Jr.
(james.warnot@linklaters.com)
Brenda D. DiLuigi
(brenda.diluigi@linklaters.com)

1345 Avenue of the Americas
New York, NY 10105
(212) 903-9080

**LITMAN, ASCHE &
GIOIELLA, LLP**

Richard M. Asche
(richardasche@lagnyc.com)

1185 Avenue of the Americas
Suite 3000
New York, N.Y. 10036
(212) 809-4500

**LOWENSTEIN SANDLER
LLP**

Michael B. Himmel
Jennifer Fiorica Delgado
(JDelgado@lowenstein.com)

395 9th Avenue, 50th Floor
New York, NY 10001
(212) 402-9413

**MCKOOL SMITH, PC**

Eric B. Halper
(ehalper@mckoolsmith.com)
Virginia I. Weber
(vweber@mckoolsmith.com)

395 9th Avenue, 50th Floor
New York, NY 10001
(212) 402-9413

**MILBANK LLP**

Alexander Lees
(alees@milbank.com)

55 Hudson Yards
New York, NY 10001
(212) 530-5000

**MILBANK LLP**

Andrew M. Leblanc
(aleblanc@milbank.com)
Melanie Westover Yanez
(mwyanez@milbank.com)

1850 K Street NW, Suite 1100,
Washington, DC 20006
(202) 835-7500

**MORGAN, LEWIS &
BOCKIUS LLP**

Joshua Dorchak
(joshua.dorchak@morganlewis.c
om)

101 Park Avenue
New York, NY 10178-0060
(212) 309-6700

**MORRISON & FOERSTER LLP**

John A. Pintarelli
(jpintarelli@mofo.com)
Erica J. Richards
(erichards@mofo.com)

250 West 55th Street
New York, New York 10109
(212) 468-8000

**MOSES & SINGER LLP**

Mark N. Parry
(mparry@mosessinger.com)
Jessica K. Bonteque
(jbonteque@mosessinger.com)

405 Lexington Avenue
New York, NY 10174
(212) 554-7800

**MUSKIN LAW OFFICES**

Victor P. Muskin
(victor@muskinlaw.com)

767 Third Avenue, Suite 2400
New York, NY 10017
(212) 688-3200

**NORRIS, MCLAUGHLIN, PA**

Melissa A. Pena
(mapena@norris-law.com)

7 Times Square, 21st Floor,
New York, NY 10036
(212) 808-0700

**O'MELVENY & MYERS LLP**

William J. Sushon
(wsushon@omm.com)
Daniel S. Shamah
(dshamah@omm.com)

7 Times Square
New York, NY 10036
(212) 326-2000

**O'MELVENY & MYERS LLP**

Pamela A. Miller
(pmiller@omm.com)

7 Times Square
New York, NY 10036
(212) 326-2088

**OTTERBOURG, P.C.**

Richard G. Haddad
(rhaddad@otterbourg.com)
Andrew S. Halpern
(ahalpern@otterbourg.com)

230 Park Avenue
New York, New York 10169-
0075
(212) 661-9100

**PILLSBURY WINTHROP
SHAW PITTMAN LLP**

Eric Fishman
(eric.fishman@pillsburylaw.com
)
 Andrew Troop
(andrew.troop@pillsburylaw.co
m)

31 West 52nd Street
New York, NY 10019-6131
(212) 858-1000

19

**PROSKAUER ROSE LLP**

Gregg M. Mashberg
(gmashberg@proskauer.com)
Russell T. Gorkin
(rgorkin@proskauer.com)

11 Times Square
New York, NY 10036
(212) 969-3000

**QUINN EMANUEL
URQUHART & SULLIVAN,
LLP**

Marc L. Greenwald
(marcgreenwald@quinnemanuel.
com)
Eric M. Kay
(erickay@quinnemanuel.com)

51 Madison Avenue, 22nd Flr,
New York, NY 10010
(212) 849-7000

**REED SMITH LLP**

David M. Schlecker
(dschlecker@reedsmith.com)

599 Lexington Ave.
New York, NY 10022
(212) 205-6083

**REED SMITH LLP**

James C. McCarroll
(jmccarroll@reedsmith.com)
John C. Scalzo
(jscalzo@reedsmith.com)
Christopher A. Lynch
(clynch@reedsmith.com)

599 Lexington Avenue
New York, NY 10022
(212) 521-5400

**ROBINSON BROG
LEINWAND GREENE
GENOVESE & GLUCK P.C.**

Steven Eichel
(se@robinsonbrog.com)

875 Third Avenue
New York, NY 10022
(212) 603-6300
**ROPES & GRAY LLP**

Martin J. Crisp
(martin.crisp@ropesgray.com)

1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

**RUSSO PLLC**

Robert Sidorsky
(rsidorsky@russopllc.com)

350 Fifth Avenue, Suite 7230
New York, NY 10118
(212) 363-2000

**SEWARD & KISSEL LLP**

M. William Munno
(munno@sewkis.com)

One Battery Park Plaza
New York, New York 10004
(212) 574-1587

**SHEARMAN & STERLING LLP**

Brian Polovoy
(BPolovoy@Shearman.com)
Randall Martin
(Randall.Martin@Shearman.com
)

599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**

Seong H. Kim (admitted pro hac vice)
(SHKim@sheppardmullin.com)
Michael T. Driscoll
(mdriscoll@sheppardmullin.com
)

1901 Avenue of the Stars,
Suite 1600,
Los Angeles, CA 90067
(310) 228-6161

**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**

Seong H. Kim (admitted pro hac vice)
(SHKim@sheppardmullin.com)
Michael T. Driscoll
(mdriscoll@sheppardmullin.com
)

30 Rockefeller Plaza,
New York NY 10112
(212) 634-3055

**SIDLEY AUSTIN LLP**

Andrew D. Hart
(ahart@sidley.com)
Andrew P. Propps
(apropps@sidley.com)

787 Seventh Avenue,
New York, New York 10019
(212) 839-5300

**SIDLEY AUSTIN LLP**

Steven M. Bierman
(sbierman@sidley.com)
Andrew P. Propps
(apropps@sidley.com)

787 Seventh Avenue,
New York, New York 10019
(212) 839-5300

**SIDLEY AUSTIN LLP**

Alex R. Rovira
(arovira@sidley.com)
Andrew P. Propps
(apropps@sidley.com)

787 Seventh Avenue,
New York, New York 10019
(212) 839-5300

**SULLIVAN & CROMWELL
LLP**

Diane L. McGimsey
(mcgimseyd@sullcrom.com)
(*admitted pro hac vice*)

1888 Century Park East,
Los Angeles, California 90067
(310) 712-6600

**SULLIVAN & CROMWELL LLP**

Jeffrey T. Scott
(scottj@sullcrom.com)
Andrew J. Finn
(finna@sullcrom.com)

125 Broad Street,
New York, New York 10004
(212) 558-4000

**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**

Ralph A. Siciliano
(Siciliano@thsh.com)
Richard W. Trotter
(Trotter@thsh.com)

900 Third Avenue
New York, NY 10022
(212) 508-6718

**THOMPSON HINE LLP**

Barry M. Kazan
(barry.kazan@thompsonhine.com)
Emily J. Mathieu
(emily.mathieu@thompsonhine.com)

335 Madison Avenue
12th Floor
New York, NY 10017
(212) 344-5680

**VEDDER PRICE P.C.**

Joshua A. Dunn
(jdunn@vedderprice.com)

1633 Broadway, 31st Floor
New York, New York  10019
(212) 407-7791

**WACHTELL, LIPTON,
ROSEN & KATZ**

Emil A. Kleinhaus
(eakleinhaus@wlrk.com)

51 West 52nd Street,
New York, NY 10019
(212) 403-1000

**WESTERMAN BALL
EDERER MILLER ZUCKER
& SHARFSTEIN, LLP**

Michael B. Weitman
(mweitman@westermanllp.com)

1201 RXR Plaza
Uniondale, New York 11556
(516) 414-8015

**WILMER CULTER
PICKERING HALE AND
DORR LLP**

Andrea J. Robinson
(andrea.robinson@wilmerhale.co
m)
George W. Shuster, Jr.
(george.shuster@wilmerhale.co
m)

7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 937-7518

25

**WINSTON & STRAWN LLP**

Heather Lamberg
(hlamberg@winston.com)
Keith Palfin
(kpalfin@winston.com)

1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000

**WOLLMUTH MAHER &
DEUTSCH LLP**

William A. Maher
(wmaher@wmd-law.com)

500 Fifth Avenue,
New York, New York 10110
(212) 382-3300

**WOLLMUTH MAHER &
DEUTSCH LLP**

Fletcher W. Strong
(fstrong@wmd-law.com)

500 Fifth Avenue,
New York, New York 10110
(212) 382-3300

**WUERSCH & GERING LLP**

Gregory F. Hauser
(gregory.hauser@wg-law.com)

100 Wall Street, 10th Floor
New York, NY 10005
(212) 509-5050

**WUERSCH & GERING LLP**

Jascha D. Preuss
(jascha.preuss@wg-law.com)

100 Wall Street, 10th Floor
New York, NY 10005
(212) 509-5050